ROBERT MITCHELL V. M. C. BURDETT AND ANOTHER.

In an action of trespass to try title, to maintain a plea of the statute of limitations of five years, (O. & W. Dig. Art. 1329,) the defendant must show the incidents of ownership, as specified in the statute, to wit, a deed, registration, possession, cultivation, use, or enjoyment, and payment of taxes; and all these continued in connection during the full period of five years.

To ascertain the true corner and boundary line of a party's land, recourse may be had to the call for the marked bearing trees, and marked lines of the actual survey, described in his deed, and this will control descriptive calls, founded on supposition, for corners mentioned in other deeds.

APPEAL from Travis. Tried below before the Hon. John Hancock. The facts are sufficiently apparent from the opinion.

*Oldham* and *Terrell, Shelley* and *Carrington,* for appellant.

ROBERTS, J. There is a small strip of land in controversy, which is covered by the deed of the Burdetts, and is claimed by appellant. Mitchell has the older title, but has shown no possession under it. Appellees, the Burdetts, show possession and cultivation for five years, under a deed duly registered, but have failed to prove that they have paid the taxes thereon, as they alleged in their plea.

The statute provides "that he, she, or they, who shall have "had five years like peaceable possession of real estate, cultiva-"ting, using or enjoying the same, and paying taxes thereon, if "any, and claiming under a deed or deeds, duly registered, "shall be held to have full title, precluding all claims," &c. (Hart. Dig. Art. 2392.) To acquire a right to land under this section, the party must show a deed duly registered, and possession of the land under his deed for five years, and such possession must, during that time, be attended with the usual incidents of full ownership; that is, the advantage of cultivation, use or enjoyment, and the burthen of paying the taxes, if any be due. It rests on the idea, that he who can show

that he has thus notoriously claimed and used, and borne the burthens of property, as his own, is most likely to be its true owner, although he may not be able to exhibit a regular chain of title from under the government, and shall be taken to be the true owner.   This is giving very great force to the presumptions arising from the usual incidents of ownership, and can only be accounted for, reasonably, on the supposition, that great importance and weight was attached to the concurrence of so many of the incidents of ownership, as are specified in this section, to wit, a deed, registration of deed, possession of land, cultivation, use or enjoyment, payment of taxes ; and these all continued in connection during the full period of five years.

Each one of these incidents, then, becomes very important, in order to support the conclusive force of the whole.

The payment of the taxes on this land was incumbent on the appellees, under the revenue laws of the State, and to maintain this defence, they must show that they have paid them as alleged.   In this, then, the court erred in rendering judgment for defendants.   The views here presented are predicated on the first proposition laid down, that the strip of land in dispute is covered by the deed of the Burdetts.

The southeast corner in Burdetts' deed is designated by a call, commencing on the Colorado river, "at the division line between Bartlett Sims's and the land of the estate of Curtis," (Sims had previously conveyed, by deed, to Curtis, "the lower moiety, or one half part" of the league; and there was no evidence that this line had been ascertained and run.)   Mitchell's deed designates his northwest corner, by calling for "beginning at a stake in the centre of the front of a league or "tract of land, conveyed by Samuel M. Williams to Bartlett "Sims, and being the upper and northwest corner conveyed by "Bartlett Sims to James and Elijah Curtis ; from which stake a "cotton-wood bears S. 30° E. 22 varas, marked X," &c.   The parties, in drawing this deed, evidently contemplated that the two descriptions of the place called for, would concur, or rather they adopted two descriptions to designate the same spot on the

river, where the marked tree stands, to wit, the centre of the front and the northwest corner of the Curtis tract. These two descriptions, when ascertained by actual survey, are shown by the evidence, to designate two points on the river, about one hundred and thirty varas apart, instead of one point, as was expected. This arises from the fact, that the league is not an exact parallelogram, being broader at one end, by an irregular curve in the river, which forms the line of one end, and a part of the line of one side of the league. We need express no opinion as to the correctness of the mode adopted to ascertain the centre of the front on the river ; (by a line commencing at the centre of the back line, and running parallel with the side lines, until it reaches the river,) for it is hardly probable that any mode which could be adopted would make the two points exactly concur. It will require a calculation and survey to find either point. Burdetts' deed calls for the lower point and Mitchell's deed calls for both the upper and lower, either of which may be adopted, as well as the other, abstractly. If, however, it should be desirable to ascertain the true northwestern corner, and western boundary line of Mitchell's tract, recourse may be had to the marked bearing trees, and marked line of the actual survey, described in his deed. This is not a description founded on supposition, as the other two evidently were, and will control, although it might not correspond with either of the two points in the descriptive calls. Where this marked corner and line are, has not been shown. Thus, while the Burdetts have failed to sustain their defence, Mitchell, who claims and sues for the strip, has not shown satisfactorily that his deed includes it.

For the reasons, then, that the evidence does not satisfactorily determine the western boundary line of Mitchell's tract, and that the Burdetts may be able to supply the proof of the payment of taxes (which they may have failed to prove, because it was thought by the court below to be not material,) the cause being reversed, must be remanded.

Reversed and remanded.