### ELLA F. PEDEN v. CHAS. R. CRENSHAW ET AL.

#### No. 1367. Decided December 22, 1904.

**1.—Limitation—Possession—Use.**

Under the five years statute of limitation both possession and use must concur to support a claim of title acquired; the mere erection of fence posts about a portion of a city alley, without any cultivation, use or enjoyment of it, though continued for five years, did not give title. (P. 370.)

**2.—Limitation—Constructive Possession.**

Actual possession and use of a part of a tract of land under deed to the whole, did not give title by limitation to the whole as against an adverse claimant also in possession of a part under deed to the whole; the constructive possession, in such case, of the part not actually occupied by either claimant, was with the owner of the superior title. (Pp. 370, 371.)

**3.—Same—Easement—Alley in City Block.**

Title and actual possession of a city lot abutting on an alley was sufficient to support constructive possession by the owner of an easement appurtenant to it in the use of the alley on which it abutted, as against an adverse claimant holding under conveyance of the alley from the city, but having no actual possession of the portion of the alley adjoining such lot. (P. 371.)

**4.—Practice in Supreme Court—Rendering Judgment—Presumption.**

In reversing and rendering judgment for a plaintiff in error whose damages for diminution in the rental value of a lot by fencing up its alley had been assessed on the trial at a fixed rate per month, but recovery therefor denied on grounds adjudged on appeal to be erroneous, the Supreme Court could not award damages at the same rate per month up to the date of its judgment, since it could not assume that the fence and the damage caused by it had continued to date. (P. 371.)

Error to the Court of Civil Appeals for the Fifth District, in an appeal from Grayson County.

Peden sued Crenshaw and others and judgment went for defendant. It was affirmed on appeal by plaintiff, who thereupon obtained writ of error.

*Don A. Bliss,* for plaintiff in error.—The actual possession by appellee Crenshaw for the term of five years of that part of the alley adjoining the said Crenshaw's own premises claiming under a deed executed by the

mayor of the city of Sherman and duly recorded, while appellant and those under whom she claims had continuous actual possession of the lot owned by appellant, did not have the effect of giving the said Crenshaw the constructive possession of that part of the alley in controversy, to wit, that part of the alley adjoining appellant's said lot. City of Galveston v. Menard, 23 Texas, 410; Parker v. Baines, 65 Texas, 605; Evitts v. Roth, 61 Texas, 81; Whitehead v. Foley, 28 Texas, 289; Horton v. Crawford, 10 Texas, 388; Murphy v. Welder, 58 Texas, 241; Craig v. Cartwright, 65 Texas, 421; Kalteyer v. Sullivan, 18 Texas Civ. App., 495; Day v. Chambers, 62 Texas, 192; Bond v. Texas & P. Ry. Co., 15 Texas Civ. App., 286.

Placing posts eight feet apart along the lines of a public alley does not constitute such exclusive possession of such alley as will put the statute of limitations in motion in favor of the party so placing such posts. Freedman v. Bonner, 40 S. W. Rep., 47; City of Galveston v. Menard, 23 Texas, 409, 410; Richards v. Smith, 67 Texas, 610; Sharrock v. Ritter, 45 S. W. Rep., 156; Gillean v. City of Frost, 61 S. W. Rep., 345.

Even if the placing by appellee Crenshaw of posts eight feet apart along the lines of the alley would be such an act of exclusive possession as would put the statute of limitations in motion in his favor, still the bringing of the suit on April 15. 1895, against him enjoining him by A. L. Beaty when the said Crenshaw undertook to continue his fence along the north line of the alley so as to close the north and south alley, and the judgment rendered in said suit leaving said north and south alley open, was an interruption of the running of the statute, since, after the rendition of said judgment, the said Crenshaw took no further steps toward inclosing the portion of the alley in controversy until June, 1901, when the appellee Berry under a lease from the said Crenshaw constructed the fence which appellant seeks to have removed. Bullock v. Smith, 72 Texas, 549; Mabary v. Dollarhide, 11 S. W. Rep., 611; Heinz v. Cramer, 84 Ia., 497.

Even if the actual possession by appellee Crenshaw of the part of the alley adjoining his lot had the effect of giving him constructive possession of the remainder of said alley under the deed from the city of Sherman purporting to convey to him the entire alley, still, when the compromise judgment was rendered leaving the north and south alley open, in the suit brought by A. L. Beaty to restrain the said Crenshaw from closing the north and south alley by continuing his fence so as to inclose the entire alley in controversy, this had the effect to at once determine the said Crenshaw's constructive possession of the part of the alley adjoining appellant's premises, for the reason that by leaving said north and south alley open the portion of the alley actually occupied by the said Crenshaw ceased to be contiguous to that portion adjoining appellant's premises. Brown v. Bocquin, 57 Ark., 97; Georgia Pine Invest. Co. v. Holton, 94 Ga., 551; Hassett v. Ridgely, 49 Ill., 197; West v. McKinney, 18 S. W. Rep., 633; Wood on Limitations, 2 ed., sec. 262.

The deed from the city of Sherman to appellee Crenshaw, purporting to convey the alley in controversy, being void, will not support a plea of the statute of limitations of five years. Green v. Hugo, 81 Texas, 452; Wofford v. McKinna, 23 Texas, 36; Bombarger v. Morrow, 61 Texas, 417; Fry v. Baker, 59 Texas, 404.

The owner of a lot abutting on a street or alley has a property right in such street or alley. Kalteyer v. Sullivan, 18 Texas Civ. App., 495; Perkins v. Ross, 42 S. W. Rep., 58.

Possession by the real owner of part of land draws to him constructive possession of all such land not actually and exclusively occupied adversely. Parker v. Baines, 65 Texas, 605; Evitts v. Roth, 61 Texas, 81; Whitehead v. Foley, 28 Texas, 289; Wood on Limitations, 2 ed., sec. 261.

The actual continuous possession by appellant and her vendor of her lot abutting on said alley having drawn to her and her vendor the constructive possession of the portion of the alley upon which her lot abuts, and neither of the appellees having taken exclusive possession of said portion of said alley until June, 1901, about sixteen months before this suit was filed, appellee Crenshaw has not acquired title to said portion of said alley by virtue of the statute of limitations of five years, nor is appellant's cause of action barred by said statute. See previous authorities.

The court erred in refusing to render judgment in favor of plaintiff against the defendants, ordering the removal of the fence inclosing the portion of the alley described in plaintiff's said petition, lying immediately north of and bordering on the lot owned by plaintiff for the entire length thereof, and in refusing to render judgment in favor of plaintiff for the amount of her damages as found by the court. Kalteyer v. Sullivan, 18 Texas Civ. App., 495.

*E. F. Brown* and *C. R. Crenshaw,* for defendant in error.—A deed valid upon its face, properly acknowledged and duly recorded, with payment of taxes for five years and possession thereunder, will support the plea of limitation of five years, although void for want of authority in the grantor to make title. Anderson v. Lockhart, 2 Posey. Texas U. C. 63; Cantagrel v. Von Lupin, 58 Texas, 570; Halbert v. Martin, 30 S. W. Rep., 388; Madkiff v. Stevens, 9 Texas Civ. App., 411.

A vendee under a valid deed on its face describing the land by metes and bounds, taking actual possession of only part of his land, such possession will extend to the boundaries of his deed by constructive possession, and the plea of five years limitation is sustained by such possession to the boundaries of his deed if accompanied by the other requisites under the law. Cunningham v. Frandzen, 26 Texas, 38; Evitts v. Roth, 61 Texas, 83; Texas Land Co. v. Williams, 51 Texas. 51; Chandler v. Rushing, 38 Texas, 596; Boggess v. Allen, 56 S. W. Rep., 196; Ramirez v. Smith, 56 S. W. Rep., 259.

Five years continuous, adverse and exclusive possession of a street under deed properly acknowledged and duly recorded, and payment of taxes

.thereon, will bar the abutting owners of their easement or right of way over the same. City of Galveston v. Menard, 23 Texas, 409; Coleman v. Thurmond, 56 Texas, 519; Mellinger v. City of Houston, 68 Texas, 40; City of Galveston v. Williams, 69 Texas, 454.

Appellees not having violated any legal right of appellant in the erection of the high board fence, she has no cause of action for damages. Wood on Nuisance, secs. 858, 859, 867; San Antonio v. Mackey, 14 Texas Civ. App., 212.

Where the owner holds actual possession of part of a tract of land and constructive possession of the remainder, it is only the sale of that portion of the tract which he holds by actual possession which will affect his constructive possession. Cunningham v. Frandtzen, 26 Texas, 38; Acklin v. Paschal, 48 Texas, 177; Neill v. Cody, 26 Texas, 291; Read v. Allen, 63 Texas, 158; Bowles v. Brice, 66 Texas, 730; Turner v. Moore, 81 Texas, 208; Tarleton v. Kirkpatrick, 1 Texas Civ. App., 113; Puryear v. Friery, 16 Texas Civ. App., 327.

GAINES, Chief Justice.—This suit was brought by the plaintiff in error, as the owner of a lot in the city of Sherman, against the defendants in error, to recover damages for the obstruction of an alley adjacent to her property and to enjoin the interference with her easement therein. The defendants pleaded, with other defenses, the statute of limitation of five years; and this was the defense mainly relied upon, on the trial. The court, trying the case without a jury, held that the plaintiff's action was barred by the statute, and gave judgment for the defendants. This judgment was affirmed by the Court of Civil Appeals.

The trial judge filed his conclusions of fact as well as his conclusions of law; and there being no statement of facts in the transcript, the correctness of the former are not challenged.

We will first state, in brief, the facts as established by the court's findings, and as preliminary thereto we here insert a plat of the premises in controversy, with their surroundings:

NORTH.

NORTH TRAVIS ST.

Brockett St., as extended West.

WALNUT STREET.

Brockett Street

A | Part of alley inclosed by Crenshaw in 1895 | Part of alley in controversy. | B

D | Crenshaw's Lot. | Mrs. Peden's Lot. | C

In January, 1895, the strip of land in the city of Sherman, the corners of which are marked on the plat A, B, C and D, and which extended east and west from Walnut to North Travis Street, had been used as a public alley for twenty years or more. There was no proof that it had ever been worked by the city or that it had been platted upon the official map. The adjacent property had been laid out in blocks and lots by one Bond, who dedicated the alley to public use and sold the lots adjoining it with the right of his vendees to use it as such. His deeds, however, made no reference to the alley in question. At the same time there was another alley which extended north and south across the block, as appears upon the plat.

At the date above mentioned, Brockett Street extended no further west than Walnut Street. The city, then having in view the extension of Brockett Street westward, for the purpose of raising money to pay for the land which lies immediately north of the east and west alley above mentioned, attempted to convey that alley to defendant Crenshaw for the sum of $400, paid by him. Mrs. Coulter was at the time the owner of the lot now owned by Mrs. Peden and did not consent to the sale of the alley. Crenshaw immediately caused his deed to be recorded and inclosed that part of the alley which lies north of his lot. He also caused posts to be placed along the north line of that portion of the alley which lies directly north of Mrs. Peden's (the plaintiff's) lot; and also set up a post at each end of that portion equidistant from the north and south lines. The possession so taken by Crenshaw was continued by him for more than five years before the bringing of this suit— during all of which time he paid all taxes upon the alley. In 1895, upon an attempt by Crenshaw to close the alley which runs north and south,—presumably at the intersection with the east and west alley,— A. L. Beaty brought a suit to enjoin him from doing so, and this suit resulted in a compromise judgment, which left it open to Brockett Street.

Some time after his purchase from the city of Sherman, defendant Crenshaw leased the portion of the alley in controversy to his codefendant, Berry, who on June 1, 1901, erected a board fence ten feet high along its north and east lines. Thereafter this suit was brought to recover damages and to enjoin the obstruction of the alley.

When Crenshaw purchased the alley Mrs. Coulter was in possession by tenants of the lot she subsequently sold to Mrs. Peden and continued in such possession until the sale. Upon the sale her tenants immediately attorned to the plaintiff. The possession so continued until the plaintiff occupied the lot in person, from which time she remained in occupancy until the bringing of this suit.

In the case of the City of Galveston v. Menard, 23 Texas, 349, and in subsequent cases, it was held by this court, that the statute of limitations would run against a city. But in 1887 an act was passed by the Legislature, which in effect placed cities and towns upon the same foot-

98 Sup.—24.

ing as the State with respect to the acquisition of title by adverse possession, with the proviso, however, that "this law shall not apply to any alley laid out across any block or square in any city or town." It was, evidently the purpose of the Legislature to leave the law in regard to alleys as it had previously been declared by the decisions of this court. Therefore the question presented in this case is, did defendant have such possession of the portion of the alley in controversy as will enable him to claim title by limitation?

We think it clear that there was not such actual adverse possession of the premises in controversy as will support the statute of limitation. The mere erection and maintenance of posts around this parcel of land do not in our opinion constitute such possession as to meet the requirements of the statute. But in case of the five years and ten years statutes of limitation something more than mere possession is necessary to complete the bar to an action. There must also be "cultivation, use or enjoyment." In construing the old statute (Pasch. Dig., art. 4623) which, in this particular at least, is the same as the present law, Judge Roberts in Mitchell v. Burdett, 22 Texas, 633, says: "To acquire a right to land under this section, the party must show a deed duly registered, and possession of the land under his deed for five years, and such possession must, during that time, be attended with the usual incidents of full ownership; that is, the advantage of cultivation, use or enjoyment, and the burthen of paying the taxes, if any be due. It rests on the idea, that he who can show that he has thus notoriously claimed and used, and borne the burthens of property, as his own, is most likely to be its true owner, although he may not be able to exhibit a regular chain of title from under the government, and shall be taken to be the true owner. This is giving very great force to the presumption arising from the usual incidents of ownership, and can only be accounted for, reasonably, on the supposition that great importance and weight was attached to the concurrence of so many of the incidents of ownership as are specified in this section, to wit, a deed, registration of deed, possession of land, cultivation, use or enjoyment, payment of taxes, and these all continued in connection during the full period of five years. Each of these incidents, then, become very important, in order to support the conclusive force of the whole." Since it does not appear that defendant Crenshaw either cultivated or in any manner used or enjoyed the property for the period of five years, he can not claim the benefit of the statute as an actual possessor.

Had he such constructive possession as to give the right to assert title under the statute in question? The general rule is that one who receives a conveyance to a tract of land, and goes into and holds possession of a part, is deemed to be in constructive possession of the whole tract as described in his deed. But there is a well defined exception to this rule. The real owner of a tract of land, who is in possession of a part of his land, has constructive possession of the whole tract. So that

there can be no constructive possession by an adverse claimant of the part not occupied by him. As against him the possession of such adverse claimant, in order to be effective, must be actual. Hence if Mrs. Coulter, the plaintiff's grantor, had been the owner in fee not only of the lot now owned by plaintiff, but also of the part of the alley in controversy, her possession of the lot would have given her constructive possession of the whole. And so with the plaintiff when she purchased the lot and took possession of it. Had she purchased with it and acquired title to the strip of land in controversy, she would have had constructive possession of the latter; and defendant Crenshaw's possession of a part of the tract conveyed to him by the city of Sherman could not be construed to extend to any part of her land, although such part was not occupied by her. Now neither Mrs. Coulter nor the plaintiff had or claimed title to the fee in the alley, but as appurtenant to the lot successively owned by them, they had in succession an easement in the part of the alley adjacent to the lot—a right of passage over it for the purposes of ingress and egress and of the enjoyment by the occupants of the lots of such benefits as would result from its being kept an open space. If there be any difference between the two cases, it seems to us that the actual case is stronger in favor of limiting the constructive possession of Crenshaw than that supposed. In the hypothetical case, they could have taken possession of the property in dispute; in the case here presented they had no right of actual occupancy, but merely the right to exercise the dominion incident to the easement.

It results from our conclusion that Crenshaw had neither actual nor constructive possession of the part of the alley in controversy for the period of five years, that in our opinion the trial court erred in sustaining the plea of the statute of limitations. For this error the judgment must be reversed. The plaintiff in error, however, requests that since the facts have been found by the trial judge, we should not only reverse the judgment, but here render judgment for her. In addition to the findings of fact previously stated, the trial judge found, "that the fence prevents the north breeze from having free access to the Peden lot and damages the rental value of the Peden lot $3 a month, and aggregating the sum of $24." It is further insisted on behalf of the plaintiff in error that we should render judgment not only for the $24 damages found by the court, but also for damages at the rate of $3 per month from the time that Berry erected his fence; that is to say, from June 1, 1901, to the time of the rendition of the judgment in this court. It is not complained in the motion for new trial, nor in the exceptions to the court's conclusions of fact and law, that the damages found by the court were too small, nor is such point made in the assignments of error in the Court of Civil Appeals. We therefore can not consider that question here. Neither can we render a judgment for a recovery of damages which may have accrued since the trial of the case. We can not know that the fence, which created the damage, has been permitted to remain until this time.

For these reasons we think the judgments of the District Court and of the Court of Civil Appeals ought to be reversed and judgment here rendered for the plaintiff in error against defendants in error for the sum of $24 and for the injunction as prayed for in the plaintiff's petition; and it is accordingly so ordered.