**THOMAS et al. v. SOUTHWESTERN SET-
TLEMENT & DEVELOPMENT CO.
et al.**

No. 2766.

Court of Civil Appeals of Texas. Beaumont.

July 19, 1939.

**32**

Orgain, Carroll & Bell, O. M. Lord, and A. M. Huffman, all of Beaumont, for appellants.

E. J. Fountain, Williams, Lee, Sears & Kennerly, and Andrews, Kelley, Kurth & Campbell, all of Houston, Strong, Moore & Strong, of Beaumont, and T. J. Arnold, O. A. McCracken, Jr., and Mc-Donald Meacham, all of Houston, for appellees.

COMBS, Justice.

This is a land suit. Appellants are the record owners of a $\frac{3}{35}$ths undivided interest in fee of the Arriola league, Hardin County, save 100 acres out of the northwest corner of said league. Appellees are the record owners of the remaining $\frac{32}{35}$ths of the land; the appellees, Kirby Lumber Company owning the timber, the Southwestern Settlement & Development Company owning the land, except the oil and gas, and the Houston Oil Company and Republic Production Company owning the oil and gas. The Houston Oil Company and the Republic Production Company, acting jointly, discovered and developed a producing oil field on a part of the land prior to 1932. In the court below, the appellants, who were plaintiffs, in addition to seeking title to their $\frac{3}{35}$ths record interest, sought to have the oil and gas estate partitioned to them as their segregated part of the common estate under the doctrine of equitable partition. We certified that question to our Supreme Court and by the opinion of that court, Thomas v. Southwestern Settlement & Development Co., 123 S.W.2d 290, 291, appellants' contention was denied. That holding leaves before us now but one question to be determined, and that is whether or not the appellees are entitled to recover appellants' $\frac{3}{35}$ths interest on their pleas of the statute of five years limitation. On that issue the question is purely one of law, as the facts appeared without dispute.

By written tenancy agreement, dated July 31, 1925, M. J. Williams and wife acknowledged tenancy to the Southwestern Settlement & Development Company, the Kirby Lumber Company, the Houston Oil Company of Texas, and the Republic Production Company. By the terms of that instrument it was recited that said companies, designated first parties, "are collectively (each having respective interests in accordance with the contractual relations between them, and being collectively referred to herein as first parties) owners in fee simple of the hereinafter described tract of land, the title to which we acknowledge to be in said first parties, with interest each as fixed by said contractual relations." (Then follows a description of 4328 acres of land here involved.) It was then recited that "first parties are desirous of placing a tenant

thereon for the purpose of preventing any and all persons trespassing upon same, or from cutting and removing the timber now situated or standing or growing thereupon." The Williamses obligated themselves "to use the said land for residential, farming and stock raising purposes." The Williamses entered into possession and they, and succeeding tenants holding under similar acknowledgments of tenancy, held possession of the surface through residence, the digging of a water well, and cultivation and use for a period of more than five years prior to the filing of this suit in 1932.

We will now state the status of the recorded muniments of title of the appellees, as they appeared upon the records of Hardin County prior to and throughout the claimed limitation period, as it is our view that the extent of the claim of title by each of the appellees so reflected by the records is the controlling fact in this case.

On August 4, 1916, the Houston Oil Company, the record owner of the $3\frac{2}{35}$ths of the land in fee, executed a deed of conveyance to the Southwestern Settlement & Development Company, conveying several hundred thousand acres of land, including the 4328 acres in the Arriola league here involved. In said conveyance it reserved to itself all oil and gas in and under said lands, together with the rights of ingress and egress, and the rights to build and maintain pipe lines, etc., incidental to prospecting for, producing and removing said oil and gas. The deed contained a further provision obligating the grantee, its successors, assigns, agents and tenants to hold possession of the lands of the grantor, its successors and assigns, in so far as the oil and gas are concerned, and not to permit the removal of the oil or gas otherwise than by or under the authority of the grantor, Houston Oil Company of Texas, its successors and assigns. Thereafter, on November 3, 1916, the Houston Oil Company and Southwestern Settlement & Development Company joined in a conveyance or operating contract with the Republic Production Company, covering several hundred thousand acres of land. That instrument conveyed to the Republic Production Company an undivided half interest in all minerals under such lands, including the Arriola league. It also provided for the joint development of the property for oil, gas and minerals by the Houston Oil Company and the Republic

Production Company. In 1921, a timber deed was made by the Southwestern Settlement & Development Company to the Kirby Lumber Company, conveying all timber above a specified size and allowing a limited time in which to cut and remove the timber so conveyed. All timber below the minimum diameter was reserved to the grantor.

By agreement of the parties, the Arriola league here involved was rendered and assessed each year and the taxes duly paid thereon before delinquent by one of the parties and an adjustment was made between the Houston Oil Company and the Southwestern Settlement & Development Company and the Republic Production Company as to the part to be shared by each.

The judgment of the trial court denied appellants any recovery on the theory that they had lost their title by limitation.

Appellants do not assign error against that part of the judgment which awarded to appellee Kirby Lumber Company title to the timber claimed by it. Also by agreement appearing in the record the issue of damages for oil produced and sold was held in abeyance to await determination of the issue of title.

### Opinion.

■ In the outset we overrule appellants' contention that the payment of taxes by appellees did not meet the requirements of the statute of five years limitation. The taxes were regularly paid before they became delinquent. And the mere fact that the several interests claimed by Southwestern Settlement & Development Company, et al., were rendered together and the taxes paid by one of the claimants and an adjustment made between them for their respective shares was immaterial. Clearly, each claimant paid, or caused to be paid for it, all taxes due on the part which it claimed, and in that manner the taxes assessed and due against the entire fee in the land were paid. Such payment of the taxes we think fully satisfied the requirements of the statute.

The controlling question then is: Did the surface occupancy, cultivation and use of the land by the Williamses, and other tenants of the land, for the purpose of farming and stock raising for the full period of five years, with payment of taxes, mature a limitation title as against

appellees to their ⅗ths undivided interest in the 4328 acres? And if not, did limitation title mature as to any part of appellees' interest?

■ We think the controlling consideration in arriving at the correct answers to the foregoing questions is the nature and extent of the claim asserted by each of the appellees, as evidenced by their respective recorded muniments of title. After the several conveyances above mentioned, the claimed interests of the several appellees stood on the records as follows: Kirby Lumber Company claimed the merchantable timber above a stipulated size; the Southwestern Settlement & Development Company claimed the balance of the timber and the land, except the oil and gas; the Houston Oil Company and the Republic Production Company jointly claimed the oil and gas. Thus the claim of the Southwestern Settlement & Development Company did not extend to any interest in the oil and gas, and the Houston Oil Company and Republic Production Company did not claim any ownership in the surface, but only the oil and gas. So it is our conclusion that the surface occupancy of the tenants, being confined solely to that part claimed by Southwestern Settlement & Development Company, matured title by limitation under the five year statute only to the land claimed by that company. Such actual possession of a part of the surface for farming and stock raising extended by construction to the limits of the claim as defined by the recorded muniments of title of the Southwestern Settlement & Development Company. It did not extend to the oil and gas estate because that estate was not claimed by the claimant of the surface. And certainly an adverse possession of the surface, claimed wholly by another, who did not claim the oil and gas, could not be extended by construction to include the oil and gas claimed by Houston Oil Company and Republic Production Company. This results not from any actual severance of the oil and gas estate from the surface; for appellees could not sever the ⅗ths interest belonging to appellants. But instead it results from a segregation or severance of the claims of the respective limitation claimants, as shown by their recorded muniments of title. To mature a limitation claim there must be actual adverse possession of some part of the property claimed. Hill v. Harris, 26 Tex.Civ.App.

408, 64 S.W. 820. There was no possession of any part of the oil and gas, and so there was no possession of any part of the property comprehended within the claims of Houston Oil Company and Republic Production Company. There being no possession no limitation title could ripen in them.

■ As we understand the law, no title under the five years statute of limitation can ripen in any claimant in the absence of an actual peaceable adverse possession, use or enjoyment of the property comprehended within his recorded muniments of title. V. S. Civ. Stat. art. 5509, sets forth the prerequisites which must be strictly complied with in order for a limitation claimant to acquire a limitation title to land under the five year statute. In order to acquire such title, the claimant, in addition to his peaceable and adverse possession, cultivation and use of the land, and payment of taxes, must claim "under a deed or deeds duly registered." The purpose of the deed is to define the boundaries and give notice of the extent of the claim. Hunton v. Nichols, 55 Tex. 217; Davis v. Howe, Tex.Com.App., 213 S.W. 609; Hinkle v. Hays, Tex.Civ.App., 162 S.W. 435; Hays v. Hinkle, Tex.Civ.App., 193 S.W. 153; Hill v. Harris, 26 Tex.Civ. App. 408, 64 S.W. 820. And the peaceable and adverse holding, cultivation or use of a portion of the land claimed extends by construction to the very boundaries set forth in the field notes. Payne v. Ellwood, Tex.Civ.App., 163 S.W. 93, 97; Noland v. Weems, Tex.Civ.App., 141 S.W. 1031. From the many authorities on the subject we think the rule may be deduced as definitely settled in this state that title acquired to land or interest in land, by virtue of the five years statute of limitation, can in no event exceed that purportedly conveyed by the muniments of title under which the possession was held. Thus a deed to an undivided interest in a tract of land does not protect the grantee under the five years statute of limitation beyond the interest the instrument on its face purports to convey. Martinez v. Bruni, Tex. Com.App., 235 S.W. 549, opinion adopted by Supreme Court. With these principles in mind, it seems to us clear that appellants lost their title under the five years statute of limitations only to the extent of the land purportedly conveyed by the recorded muniments of title under which the Southwestern Settlement & Develop-

ment Company claimed. The occupancy, cultivation and use of the land by the tenant was confined wholly to the surface claimed by the Southwestern Settlement & Development Company. The tenant did not take possession of nor in any manner use or enjoy the oil and gas claimed by the Houston Oil Company and the Republic Production Company. The acknowledgment of tenancy under which the tenant held did not purport to give him any right to do so. Hence, as we have said, the possession and use of the surface by the tenant could not have ripened any title in the claimants of the oil and gas.

 And we think it wholly immaterial that the instruments of conveyance bound the several claimants to hold possession for each other. An agreement to hold possession is not possession. And a mere naked possession, such even as by fencing, without continuous use or enjoyment does not meet the requirements of the statute. Mitchell v. Burdett, 22 Tex. 633; Peden v. Crenshaw, 98 Tex. 365, 84 S.W. 362; McDonald v. McCrabb, 47 Tex. Civ.App. 259, 105 S.W. 238. The constructive possession is always with the true owner and his constructive possession cannot be ousted by a limitation claimant without an actual entry. To sustain the appellees' contention would be to permit a claimant to mature a limitation title under a recorded muniment without any adverse possession and use or enjoyment of any part of the property described in the instrument. It would greatly extend the doctrine of limitation, which at best is often harsh. And courts should ever be on their guard lest on what might appear to be bad facts they declare some principle which on other facts might become an instrument of legalized land larceny. As remarked by Chief Justice Wheeler in Whitehead v. Foley, 28 Tex. 268, 288: "A party who claims to have acquired a title to the land of another, with no other evidence of right than a possession of five years under a deed recorded, ought to show a compliance with the terms prescribed by the statute perfect in every particular."

We have withdrawn the opinion filed on original submission and rewritten it in order to eliminate from it certain matters not necessary for us to decide in view of certain admissions of the parties in their motions for rehearing, and also to add the following.

In appellants' motion for rehearing, our attention is directed to the fact that although there was an agreement to hold the matter of damages in abeyance, the judgment, as entered in order to completely dispose of the matter in case the judgment in favor of appellees should be upheld, provided that appellants take nothing on their claim for damages. Since the evidence on the matter of damages was not developed, it will be necessary to reverse and remand that feature for further proceedings.

 In its motion for rehearing, the Republic Production Company insists that the interest in the oil and gas awarded to appellants by our judgment should be taken wholly out of the half interest claimed by the Houston Oil Company. No issue was made on that point by pleadings or proof, the appellees having joined simply in a common defense against appellants' suit. In view of that state of the record, we overrule that part of Republic Production Company's motion for rehearing, without prejudice, however, to its right to file and prosecute a suit on that issue.

We will discuss now a contention of appellees which we did not discuss in the original opinion. It is strenuously insisted in the motion for rehearing that our holding on the issue of limitation is in direct conflict with the holdings of the Texas appellate courts in the following cases: Clements v. Texas Co., 1925, Tex.Civ.App., 273 S.W. 993, 1005; McCombs v. Abrams, 1930, Tex.Civ.App., 28 S.W.2d 584, 602; McCombs v. Abrams, Tex.Com.App., 48 S.W.2d 612; Leverett v. Leverett, 1933, Tex.Civ.App., 59 S.W.2d 252; Laird v. Gulf Production Co., 1933, Tex.Civ.App., 64 S.W.2d 1080, 1081, 1083; Broughton v. Humble Oil & Refining Co., Tex.Civ. App., 105 S.W.2d 480.

It seems to us that the case before us is clearly distinguishable on the facts from the cited cases and that our holding in no wise conflicts with the holding of any one of the cited cases. In Clements v. Texas Co., supra, certain facts, which among others clearly distinguish it, were: (1) The claim of the surface owner and the claim of the oil and gas claimant were not completely separate, the severance being by oil and gas lease only; the surface claimant retained a claim to ⅛th royalty and also claimed the entire ownership of the minerals upon the termination

of the lease since the lessee had only a determinable fee by virtue of its lease; (2) the lease was executed *after* the surface possession began; and (3) there was actual, adverse possession of the oil and gas estate, as well as the surface. In the course of the opinion, Judge Sears said [273 S.W. 1005]: "When they [the claimants] severed, in addition to the use of the surface, their lessee commenced *active exploration for oil.*" (Italics ours.) Evidently there was discovery of oil and continuous production, because from recitals in the opinion it appears that plaintiffs claimed in their pleadings that more than five million barrels of oil had been produced from the land. That case certainly supplies no authority for a contention that a limitation claimant who claims in fee all of the oil and gas, and only the oil and gas, as in the instant case, can mature limitation title to the oil and gas without any adverse possession, use or enjoyment of it, by *"active exploration for oil."* In McCombs v. Abrams, supra, the case was decided on the validity of the conveyances, and the Court of Civil Appeals specifically stated in the opinion (28 S.W.2d at page 592) that the issue of limitation was not decided. However, it is interesting to note in passing that in that case the land had been drilled for oil under a lease and "large quantities of oil" removed by the lessee. In each of the other cited cases, Leverett v. Leverett, Laird v. Gulf Production Co., and Broughton v. Humble Oil & Refining Co., the holding was merely to the effect that execution of an oil and gas lease made by the limitation claimant *after limitation had begun to run in his favor* and the lease had terminated by a failure to develop, the making of such lease did not break the limitation claimant's possession. The case before us presents no such situation. The surface claimant, Southwestern Settlement & Development Company, never executed any lease to the oil and gas. In fact it never at any time claimed any ownership or interest in the oil and gas, by royalty, reversionary interest or otherwise, and hence its possession, unlike the possession in the cited cases, could not extend to the oil and gas estate which was not comprehended within its recorded muniments of title and which it did not claim.

We are not in conflict with such cases as Collum v. Sanger Bros., 98 Tex. 162, 164, 82 S.W. 459; Moore v. Chamberlain, 109 Tex. 64, 195 S.W. 1135; and Ramirez v. Smith, 94 Tex. 184, 190, 59 S.W. 258, which hold, under the facts of those particular cases, that the possession of one cotenant inures to the benefit of all of his cotenants. In the case before us it is perfectly obvious that the Southwestern Settlement & Development Company was not a cotenant in the claim asserted by Houston Oil Company and Republic Production Company to the oil and gas. Under the doctrine prevailing in Texas, an oil and gas estate is susceptible of distinct and separate ownership from the surface estate. How could the Southwestern Settlement & Development Company have been a cotenant with anyone in the oil and gas estate when it claimed absolutely no ownership or interest in that estate? The claimants of the oil and gas estate claimed absolutely no ownership in the surface estate. They claimed only an easement for ingress and egress and use of the surface for the benefit of their oil and gas, an easement which they never at any time used.

In accordance with the above holdings, the judgment of the trial court is reversed in so far as it denied appellants' title and possession of a ⅗₅ths interest in the oil and gas in and under the 4328 acres of the Arriola league here involved, and judgment is here rendered in their favor therefor. The judgment of the trial court on the issue of damages asserted by appellants for oil produced and removed is reversed and remanded for a new trial of that issue. The judgment of the trial court is affirmed in all other respects. The motion of the Republic Production Company for judgment in its favor to the effect that the ⅗₅ths interest in the oil and gas recovered by appellants be taken out of the Houston Oil Company's one-half interest, is overruled without prejudice. That issue is not before us on the record; on amended pleadings it can be litigated upon the trial ordered by our remand. Except as to the relief granted herein above, all the motions for rehearing are overruled.

Reversed and rendered in part, reversed and remanded in part and in part affirmed.