Andy CHASE et al., Appellants,

v.

Frances Stirman FAULK, Appellee.

No. 5170.

Court of Civil Appeals of Texas.

El Paso.

Nov. 7, 1956.

Rehearing Denied Dec. 26, 1956.

**342**

Helen M. Viglini, Dallas, for appellant.

Holland & Moore, Athens, for appellee.

———◆———

FRASER, Justice.

Appellee filed a suit in the form of statutory trespass to try title, coupled with a claim of five year limitations against appellants and their wives, who answered by general denial, plea of not guilty and defense of ten years limitation. The court submitted two special issues which, with the jury's answers thereto, are as follows:

"Special Issue No. One: Do you find from a preponderance of the evidence that Plaintiff, Frances Stirman Faulk, and those under whom she claims, through a tenant or tenants, held peaceable and adverse possession

of the 84 acres of land in controversy, and sued for herein, cultivating, using or enjoying the same, and paying all taxes thereon and claiming the same under a deed of deeds, duly registered, for any period of five (5) consecutive years after July 2, 1941, and prior to February 10, 1948? Answer 'Yes' or 'No'.

"Answer: 'Yes'.

"Special Issue No. Two: Do you find from a preponderance of the evidence that Defendants, Andy Chase and Ed Chase, held peaceable and adverse possession of the 84 acres of land in controversy, and sued for herein, cultivating, using or enjoying the same for any period of ten (10) consecutive years prior to December 30, 1953? Answer 'Yes' or 'No'.

"Answer: 'No'.

On these answers the court rendered judgment that the plaintiff, Frances Stirman Faulk, do have and recover of and from the defendants, Andy Chase and wife, Mrs. Andy Chase, Ed Chase and and wife, Mrs. Ed Chase, all right, title, interest and possession of the property in question, described as:

"All that certain lot or parcel of land situated in Henderson County, Texas, about fifteen miles South 70 East of Athens and being a part of the W. H. Watts Survey of 1280 acres:

"Begins at South East corner of A. Smothers 320 acres on West line of Eques League, stk. a Hky. 16 in brs N 9 W 33 links, mkd. W. A., B J 11 in brs N 76 one chain and 9 links W;

"Thence South 675 vrs stk, a Sand Jack 8 in brs. N 54 W 27 links a Blk. Jack 14 in brs N. 5 deg. 30' W three chains & links, both mkd W;

"Thence W. 184 vrs to S E cor of Leaston Chase 64 acres;

"Thence North 337–5/10 vrs with E B line of said Chase 64 acres to the N E cor of same;

"Thence West 1070–4/10 vrs to N W cor of Chase 64 acre tract and S W cor of Rosa Curington tract;

"Thence N with said Rosa Curington 7 deg West 337–5/10 vrs to the N W cor of said Rosa Curington 75 acres;

"Thence E. 1254–4/10 vrs to the place of beginning, containing 84 acres, more or less."

■ Appellants base their appeal on the contention that there was no evidence to support the jury's answer to Special Issue No. 1; that the evidence was insufficient to support the jury's answer to Special Issue No. 1; that the answer of the jury to Special Issue No. 2 was against the great weight and preponderance of the evidence to such a degree as to be wrong and indicate bias and prejudice. We have carefully read and considered the record and have reached the conclusion that appellants' points cannot be sustained.

To sum up, the record reflects that plaintiff's husband was grantee in a deed during the year 1941, wherein one Mattie Reece was grantor. This deed described the 84 acres here in controversy by metes and bounds. It is uncontradicted that plaintiff and/or her predecessors in title had paid the taxes as required under the five year statute of limitation. Plaintiff based her use or enjoyment of the premises on that of Mattie Reece who, plaintiff alleged, occupied the premises as a tenant of plaintiff and her predecessors in title. One Thomas Faulk, son of plaintiff, testified that after Mattie Reece had deeded the property back to Tom P. Faulk, Sr. in 1941, that she became a tenant on the 84 acres in question. This witness, Tom P. Faulk,

Jr., produced a rental receipt, or copy of same, from Mattie Reece to Tom P. Faulk, Sr., for rental for the year 1942. He further testified that he had seen Mattie Reece on this 84 acres of land, and that she had lived on it ever since he could remember; that his father had died in 1946, and that he had attended to his father's business during the last several years of his father's life. There were other witnesses who testified that Mattie Reece had lived in the same house for 50 years and was still living in the house when dispossessed in 1949. It is evident, therefore, that there is positive evidence that the jury could believe, if they wished, to sustain their finding with reference to Special Issue No. 1. We therefore hold that there was sufficient evidence to sustain the jury's answer to Special Issue No. 1 and that such answer was not against the great weight or preponderance of the evidence, but that there was sufficient credible evidence to support the jury's finding. Appellants' first nine points are accordingly overruled.

■ Appellants' points 10 and 11 relate to the jury's answer to Special Issue No. 2, and allege that such answer is so against the great weight and preponderance of the evidence as to be wrong, and asserts that the court erred in rendering judgment for plaintiff because of evidence that defendants had had the 84 acres in question under fence for more than 30 years.

We do not find merit in these two points for the following reasons: The record shows that defendants testified that they had used various portions of the 150 acres for thirty or thirty-five years. The record does not reveal or even suggest that the 84 acres in question are, or have ever been, under any kind of enclosure other than to be included in the greater 150 acre tract. The only clue to the whereabouts of the 84 acres lies in the metes and bounds description found in the various deeds in the Faulk title and in the papers under which the sheriff dispossessed Mattie Reece in 1949. The record shows that defendants did not

begin to pay taxes on the 150 acre tract until 1950. The record discloses that the 150 acre tract was deeded to Thomas P. Faulk, Sr. in 1915. There is nothing in the record to show defendants ever owned the tract, other than their testimony that they had used it for thirty or more years, and inherited it from their mother. The defendants based their defense on the fact that they had cultivated or used various parts or areas of the 150 acre tract (within which most of the 84 acres is located), for thirty or thirty-five years, but they could not locate on the map, or otherwise, the 84 acres upon which this suit was brought, other than to say they knew the location of the house where Mattie Reece lived. There is likewise nothing in the record to show that defendants' use, if any, of the 84 acre tract was hostile or adverse to that of the tenant, Mattie Reece, except their own statements that they farmed, off and on, in various parts of the 150 acre tract. This the jury could believe in whole, in part, or not at all, as they saw fit. There is evidence that Mattie Reece was an old lady, and probably was unable, due to the infirmities of age, to have cultivated any of the land in the 84 acre tract, but she was an occupant of the house on the tract during the five years claimed by plaintiff.

■ It has been held under the statute that use, enjoyment or occupancy of a part of the premises applies and covers the entire tract described, when title by limitation is claimed under the five year statute. The description by metes and bounds of the premises in question, being on record, was notice to the world what occupant grantee was claiming and using or enjoying. Village Mills Co. v. Houston Oil Co., Tex.Civ.App., 186 S.W. 785, at page 801. Thomas v. Southwestern Settlement & Develop. Co., Tex.Civ.App., 131 S.W.2d 31, at page 34. Porter v. Miller, 84 Tex. 204, 19 S.W. 467.

■ Therefore, it seems clear that the jury was within its prerogatives in answering in the negative to Special Issue No. 2. It was within their power to believe or reject any or all of the testimony offered, and it is clear that they did not believe that defendants had occupied the 84 acres hostile to the occupancy of Mattie Reece during the five years in question. This is understandable because they could not testify as to the location of the 84 acres, but were able only to say that they had used and cultivated various parts of the 150 acres for many years. These points are accordingly overruled.

We have also considered appellants' points 12 and 13, and do not find any error presented in these points, and they are also overruled.

We therefore overrule all of appellants' points, and the judgment of the trial court is accordingly affirmed.