DAVIS et al. v. HOWE. (No. 78–2855.)

(Commission of Appeals of Texas, Section A. June 21, 1919.)

1. TAXATION ⊚⇒674—TAX SALES—PURCHASE BY DEPUTY OF SHERIFF MAKING SALE— AVOIDANCE—STATUTE.

A conveyance of title purchased under a tax sale, to a deputy of the sheriff who made the sale and who was the real purchaser at the sale, is not void, but merely voidable, under Rev. St. 1911, art. 3770, and may be avoided by the holders of the record title, if not barred by limitations.

2. ADVERSE POSSESSION ⊚⇒79(4)—COLOR OF TITLE—SUFFICIENCY—TAX DEED.

Title by limitation under the five-year statute results from possession with claim of ownership, evidenced by a deed or deeds duly registered, regardless of whether such deed conveys title.

3. ADVERSE POSSESSION ⊚⇒71(2)—TITLE BY LIMITATIONS—COLOR OF TITLE.

The object of the five-year statute of limitation in requiring a deed and its due registration being to define the boundaries of the land claimed and to give notice to the true owner of such adverse claim, the validity of the deed is immaterial; it being sufficient if it is an apparently valid instrument with the essential parts of a deed.

4. ADVERSE POSSESSION ⊚⇒79(4)—COLOR OF TITLE—FIVE-YEAR STATUTE OF LIMITATION —SUFFICIENCY OF DEED.

A deed under a tax sale, void as running to a deputy of the sheriff making the sale, under Rev. St. 1911, art. 3770, is sufficient color of title under the five-year statute of limitations.

5. LIMITATION OF ACTIONS ⊚⇒99(1)—FRAUD.

Fraud alone will not prevent the running of the five-year statute of limitations, though the party invoking the statute has put it in motion by his own wrong through participation in the fraud.

6. ADVERSE POSSESSION ⊚⇒63(5) — LIMITATIONS—TITLE OF FRAUDULENT GRANTEE. .

Title of a fraudulent grantee is protected by the statute of limitation.

7. LIMITATION OF ACTIONS ⊚⇒1—CONSTRUCTION.

Statutes of limitation being in the nature of statutes of repose, requiring diligence in enforcing rights and putting a period to litigation, are regarded with favor, as based upon considerations of sound public policy.

8. LIMITATION OF ACTIONS ⊚⇒5(1)—STATUTES —CONSTRUCTION.

Statutes of limitations are to be construed in like manner as other statutes, and their application not evaded by implied exceptions.

Error to Court of Civil Appeals of Seventh Supreme Judicial District.

Action by Belle Thompson Davis and others against J. F. Howe. Judgment for defendant was affirmed by the Court of Civil Appeals (176 S. W. 759), and plaintiffs bring error. Affirmed, as recommended by Commission of Appeals.

H. E. Hoover, of Canadian, for plaintiffs in error.

N. P. Willis, of Canadian, for defendant in error.

SONFIELD, P. J. Action in trespass to try title by plaintiffs in error against defendant in error for the recovery of a certain section of land in Hutchinson county. Defendant in error pleaded not guilty and the five and ten year statutes of limitation. There were other defendants in the court below, from whom the plaintiffs in error recovered one-fourth of the section, which is not involved herein. The case was tried to the court. Defendant in error's plea of limitation of five years was sustained, and judgment accordingly rendered. On appeal, the judgment of the district court was affirmed. 176 S. W. 759.

Suit for delinquent taxes upon the land in controversy was filed and judgment rendered. A sale of the land as under execution was made by the sheriff of Hutchinson county on July 5, 1904, and deed of same date executed to F. J. Brown. Defendant in error was, at the time of the sale, a deputy sheriff of Hutchinson county, under the sheriff who made the sale. Under the findings of the trial court, Brown in reality purchased this land for defendant in error. Brown, the grantee in the sheriff's deed, executed a quitclaim deed to defendant in error, dated the 21st day of December, 1904. The deed recited a consideration of $90, but no consideration was paid; defendant in error having paid the purchase price at the sheriff's sale. The sheriff's deed to Brown was recorded July 18, 1904; the quitclaim deed from Brown to defendant in error was recorded December 22, 1904; and this suit was filed by plaintiffs in error on September 3, 1913. The trial court found that after the deed from Brown to defendant in error there was a substantial

⊚⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
213 S.W.—39

change in defendant in error's possession and use of the land, through additional fencing and placing other of the land in cultivation, and that the possession of defendant in error was continuous and the terms of the statute fully complied with.

Plaintiffs in error contend that defendant in error, being a deputy sheriff, was prohibited by statute from acquiring title under the sale; that the sheriff's deed to Brown was for the benefit of defendant in error, whose possession is referable thereto, Brown's deed being but a part of the same transaction, the result of an agreement prior to the sale; and that the deeds cannot form the basis of title under the five-year statute.

Article 3770, R. S. 1911, provides as follows:

"If any officer making sale of property on execution, or his deputy, shall, directly or indirectly, purchase the same, the sale shall be void."

We waive consideration of the fact that there was possession and payment of taxes for the requisite period under the deed from Brown to defendant in error, without reference to the sheriff's deed, and, as insisted upon by plaintiffs in error, regard the possession of defendant in error as referable to the sheriff's deed; such deed forming the real basis of his claim of title by limitation.

[1] The statute declares the sale void. That which is "void," in the accurate sense of the term, is null and without any effect, incapable of ratification. This term, however, is often used in legislative acts, judicial decisions, and contracts in the sense of "voidable"; that is, subject to avoidance. Thus purchases by executors or administrators at their own sales, under statutes declaring such sales void, have been construed in several jurisdictions to be merely voidable at the instance of someone interested in the estate. Note, L. R. A. 1918B, 28. Our statute pertaining to fraudulent conveyances declares that a conveyance given—

"with intent to delay, hinder or defraud creditors, purchasers or other persons of or from what they 'are, or may be, lawfully entitled to, shall, as to such creditors, purchasers or other persons, their representatives or assigns, be void."

Although pronounced void by the statute, such conveyances have been held only voidable, subject to be avoided at the option of the creditor or other person at interest. Stephens v. Adair, 82 Tex. 214, 18 S. W. 102; Miller v. Koertge, 70 Tex. 162, 7 S. W. 691, 8 Am. St. Rep. 587; Rutherford v. Carr, 99 Tex. 101, 87 S. W. 815. In the instant case, defendant in error himself having purchased at the sheriff's sale, the sale may be avoided by the plaintiffs in error, holders of the record title, unless the right is barred by the five-year statute of limitation.

[2] Title by limitation under the five-year statute results from possession with claim of ownership, evidenced by a deed or deeds duly registered and compliance with the other requirements of the statute. For the purpose of limitation, it is wholly immaterial that the deed conveys no title. An instrument in the form of a deed not void on its face, even though the grantor be wholly without title, satisfies the requirement of the statute. Wofford v. McKinna, 23 Tex. 36, 76 Am. Dec. 53'; Schleicher v. Gatlin, 85 Tex. 270, 20 S. W. 120.

[3] The whole object of the statute in requiring a deed and its due registration is to define the boundaries of the claim and give notice to the true owner of such adverse claim. This is accomplished by any apparently valid instrument having the essential parts of a deed. That the deed is in fact void is immaterial. So, likewise, is the ground of its invalidity. The sole inquiry is whether the instrument is a deed within the purview of the statute.

In the opinion by Chief Justice Phillips in Rosenborough v. Cook, 108 Tex. 364, 194 S. W. 131, the office of a deed under the five-year statute is clearly and concisely stated. In the course of the opinion the Chief Justice says:

"It is thus clear that a deed under the law governing five years limitation has a character distinct from that of an effectual muniment of title. For the purpose of such limitation it performs an office unrelated to title, and although as a conveyance of title it may be futile. That office is simply to aid the possession as a means of notice of the adverse claim to the land. The law of limitation of actions for land is founded upon notice. The title by limitation ripens, primarily, only because, in such manner and for such period of time as the different statutes require, notice is given of the hostile claim. Under the three years statute, it is afforded by possession under title or color of title. Under the ten years statute, simply by possession. And under the five years statute, it is given by possession, the payment of taxes, and the registration of a naked deed. It is not the character of the deed as a conveyance of title which, under the five years statute, helps to put limitation in motion. It assists the operation of limitation under that statute merely because of the notice given of the adverse claim by its registration as an instrument which purports to convey, not the title, but the land."

[4] The deed here in question properly describes the land and fulfills the office and function of a deed under the statute, giving notice to the true owner of an adverse claim to the land. True, the statute declares the sale, and consequently the deed in virtue thereof, void. Concede that the penalty under the statute is that no title pass, and that the deed conveyed no title; yet, as said by the court in Rosenborough v. Cook, supra, with reference to the cancellation of a deed

through a judgment, "though it conveyed no title, it had, with its registration, distinct from any office as a conveyance of title, the force of notice of the adverse claim to the land."

[5] It has been definitely determined in this state that fraud alone will not prevent the running of the statute. This is true, though the party invoking the statute has put it in motion by his own wrong through participation in the fraud. Hudson v. Wheeler, 34 Tex. 356; Kuhlman v. Baker, 50 Tex. 630; Connoly v. Hammond, 58 Tex. 11. A deed, though originating in fraud, will mature a good title under the statute, if the grantee claiming thereunder holds adverse possession for the requisite time and complies with the terms of the statute. The possession under a claim of ownership, the claim being evidenced by the recorded deed, gives the true owner a right of action for the recovery of the possession, and failing within the time prescribed to thus assert his right, unless under some disability specified by the statute, he is precluded from thereafter asserting it. Under the operation of the statutes of limitation, the right of the true owner is terminated and the possession of the adverse claimant protected and ripened into title. This is not predicated upon the good faith of the claimant, or the meritorious character of his claim, but results from the acquiescence of the true owner in such possession for the stipulated period, whereby he loses his right to demand a recovery of possession and the enforcement of his title.

[6] It is uniformly held that the title of a fraudulent grantee is protected by statutes of limitations. In Reynolds v. Lansford, 16 Tex. 287, it is said:

"It is admitted, in effect, by this instruction, that though the deed of a vendor may be fraudulent and void as to his creditors, yet, if the vendee go into possession, actual, exclusive, and adverse, the statute of limitations will run in his favor and bar the rights of the creditor. This doctrine is certainly founded on principle, and has the sanction of very high authorities. [Porter's Lessee v. Cocke] Peck [Tenn.] 30; [Turney v. Williams] 7 Yerg. [Tenn.] 212; [Jones v. Read] 1 Humph. 346; [Marr v. Rucker] Id. 353; [Tubb v. Williams] 7 Humph. 367. It is not questioned in this case and need not be discussed."

In Rutherford v. Carr, supra, reviewing the several decisions, including Belt v. Raguet, 27 Tex. 471, and Vodrie v. Tynan, 57 S. W. 680, it was held that mere lapse of time will not bar a recovery of land fraudulently conveyed, but such recovery is barred alone through adverse possession for the requisite period. In Vodrie v. Tynan, supra, it was held, in effect, that a grantee under a conveyance in fraud of creditors, even though a participant in the fraud, whose deed was duly recorded and who held adverse posses-

sion for five years with payment of taxes, thereby acquired title by limitation.

We can perceive no good reason for differentiating the effect, under the five-year statute, of the sheriff's deed here involved and a deed by one in fraud of creditors executed in violation of the express terms of the statute, the grantee himself participating in the fraud.

The only instrument possessing the essential constituent parts of a deed, as does the deed here in question, excepted by the statute from forming the basis of title under the five-year statute, is a forged deed or a deed executed under a forged power of attorney. Only those claiming under such deeds are denied the benefits of the statute. However strong the temptation to deny these benefits to one whose adverse claim is evidenced by a deed fraudulently procured, he himself participating in its procurement, and however expedient and equitable such exception may be regarded, we can find no justification for yielding thereto.

[7, 8] Statutes of limitations are now regarded with favor as based upon consideration of sound public policy. They are in the nature of statutes of repose, requiring diligence in enforcing rights and putting a period to litigation. Such statutes are to be construed in like manner as other statutes and their application not evaded by implied exceptions. Our courts, while recognizing an exception in cases of fraud undiscovered or concealed, have declined to ingraft further exceptions upon such statutes by judicial construction through equitable or other considerations. Smith v. Uzzell, 61 Tex. 220; Hussey v. Moser, 70 Tex. 42, 7 S. W. 606.

If the possession of defendant is referable to the sheriff's deed, and we believe it is, that deed with continuous possession and due payment of taxes, is sufficient to interpose the statute of limitation against plaintiffs in error's claim, not because it conveys title, but because it is evidence of a notorious and adverse claim. Originating in fraud, the deed is without effect as a muniment of title; but, fair of face and duly recorded, it performs the office and function of a deed under the statute in like manner as though executed merely by a grantor without semblance of title. Being notified of an adverse claim, whatever its origin, there being no issue of fraud undiscovered or concealed, plaintiffs in error had five years within which to file suit for the recovery of the land, failing in which they are now without remedy.

We are of opinion that the judgment of the Court of Civil Appeals, affirming the judgment of the district court, should be affirmed.

PHILLIPS, C. J. The judgment recommended by the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court.