James R. BLOUNT, Appellant,

v.

Mark W. DUTTON, et ux, Appellees.

No. 09–96–360 CV.

Court of Appeals of Texas, Beaumont.

Submitted March 19, 1998.

Decided June 11, 1998.

George E. Renneberg, Law Offices of William E. Hall, Jr., Conroe, for appellant.

Alton K. Stewart, Stewart & Stewart, Conroe, for appellees.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

## OPINION

PER CURIAM.

This is an appeal from a judgment that declared as "Null and Void," two Constables' Deeds executed by Constable Billy R. Colson to James R. Blount. In their pleadings, Mark W. Dutton and wife, contend they were owners of an undivided interest in and to five acres of land in Montgomery County, Texas. On August 2, 1994, Colson held a Constable sale wherein a portion of the five acre tract was "struck off" to Blount. On August 23, 1994, Colson executed a deed to Blount conveying that property to Blount. Then, on June 6, 1995, Colson held another constable sale where an additional portion of the five acre tract was"struck off" to Blount. On June 20, 1995, Colson executed and delivered the second deed to Blount. The Duttons filed suit to have the two deeds set aside as being null and void and particularly violative of TEX. CIV. PRAC. & REM. CODE ANN. § 34.048(Vernon 1997).

■ No statement of facts (reporter's record) has been filed in this case.[1] Without a statement of facts, this Court's review is limited generally to complaints concerning: 1) errors of law; 2) erroneous pleadings or rulings thereon; 3) an erroneous charge; 4) irreconcilable conflicts of jury findings 5) summary judgment; and 6) fundamental error. *Archer v. Wood,* 771 S.W.2d 631, 632 (Tex.App.—Dallas 1989, no writ); *American Mutual Liability Ins. Co. v. Guerrero,* 678 S.W.2d 264, 265 (Tex.App.—Corpus Christi

1984, no writ). When no statement of facts from an evidentiary hearing is filed, we must presume that the evidence supports the judgment. *Otis Elevator Co. v. Parmelee,* 850 S.W.2d 179, 181 (Tex.1993); *Guthrie v. National Homes Corp.,* 394 S.W.2d 494, 495 (Tex.1965); *Juarez v. United Parcel Service de Mexico S.A. de C.V.,* 933 S.W.2d 281, 283 (Tex.App.—Corpus Christi 1996, no writ). However, we will address the merits of the appeal since the Duttons state:

1. The Parties Agree to Underlying Facts.

All parties hereto agree that [1] the Montgomery County, Texas, Precinct 2, Constable's office conducted the execution sale forming the basis of this appeal, [2] Appellant, at the time of purchase at such execution sale, was a deputy constable employed by the Montgomery County, Texas, Precinct 2, Constable's office, and [3] Appellant purchased property at such execution sale.

APPELLEES CONTEND that the application of the law stated below to the above stated facts are sufficient for this Court to decide the point of appeal before it.

■ Blount brings a single point of error which contends:

The trial court erred in giving judgment to appellees below because the trial court construed the controlling statute in lieu of simply reading the statute, following its dictates, and giving judgment based on the statute, itself.

Blount argues the literal reading of the statute only prohibits the officer or deputy *who is actually conducting the sale* from purchasing the property. The Duttons argue the prior statutes and case law prohibits both the officer or deputy *who is actually conducting the sale and any other deputy of the officer conducting the sale* from purchasing the property.

TEX. CIV. PRAC. & REM.CODE § 34.048 (Vernon 1997), the current statute, states:

---

1. Blount failed to timely file the statement of facts pertaining to this appeal. On January 9, 1997, this Court denied Blount's "Motion for

Additional Time to File Statement of Facts," for failure to comply with TEX.R.APP. P. 54(c).

If an officer or his deputy conducting an execution sale directly or indirectly purchases the property, the sale is void.

The prior statute, TEX.REV.CIV. STAT. art. 3820 (1925), (Art. 3820), stated:

If any officer or his deputy making sale of property on execution, shall, directly or indirectly, purchase the same, the sale shall be void.

The statute in effect prior to Art. 3820, TEX.REV.CIV. STAT. art. 3770 (1911), stated:

If any officer making sale of property on execution, or his deputy, shall, directly or indirectly, purchase the same, the sale shall be void.

Article 3770 was construed by the Supreme Court in *Davis v. Howe*, 213 S.W. 609 (Tex.1919). In *Davis*, the sheriff of Hutchinson County sold property at a tax sale to an intermediary who quitclaimed the property to one of the sheriff's deputies. The trial court found the intermediary in reality purchased the land for the deputy who actually was the person who paid the purchase price at the sheriff's sale. The Commission, citing previous Supreme Court cases, stated: "Although pronounced void by the statute, such conveyances have been held only voidable, subject to be avoided at the option of the creditor or other person at interest.", and held, "[I]n the instant case, defendant in error himself having purchased at the sheriff's sale, the sale may be avoided by the plaintiffs in error, holders of the record title...."

Section 1.001 of the Civil Practice and Remedies Code indicates the legislature's intent that the Civil Practice and Remedies Code be a codification without a substantial change in the law.[2] A mere change of phraseology in the revision of a statute previously in force will not work a change in the law previously declared, unless it *indisputably* appears that such was the intent of the legislature. *Ennis and Reynolds v. Crump*, 6 Tex. 34 (1851). The construction given to a statute by the state's highest court is deemed a part of the statute. *Hollingsworth v. Cities Service Oil Co.*, 199 S.W.2d 266 (Tex.Civ.App.—Beaumont 1946, writ ref'd), *cert. denied*, 332 U.S. 774, 68 S.Ct. 83, 92 L.Ed. 359 (1947). Thus, the construction of *Davis* is a part of former Article 3770. Furthermore, the legislature has shown its approval of that construction by failing to amend the statute after that statute has been given a particular juridical interpretation, *Moss v. Gibbs*, 370 S.W.2d 452 (Tex.1963), and by reenacting the statute after it has been construed by the highest court. *Texas Fidelity & Bonding Co. v. City of Austin*, 112 Tex. 229, 246 S.W. 1026 (1922); *Sadler v. Newton*, 541 S.W.2d 194 (Tex.Civ.App.—Austin 1976 [leave denied]); *Hilliard v. Wilkerson*, 492 S.W.2d 292 (Tex.Civ.App.—Fort Worth 1973, writ ref'd n.r.e.). The rule is well settled that when a statute is re-enacted without material change, it is presumed that the legislature knew and adopted the interpretation placed on the original act and intended the new enactment to receive the same construction. *Coastal Indus. Water Auth. v. Trinity Portland Cement Div., Gen. Portland Cement Co.*, 563 S.W.2d 916, 918 (Tex.1978). Therefore, *Davis*, is still controlling authority.

The undisputed facts show the transaction was voidable under the statute. For this reason, we overrule the point of error. The judgment is affirmed.[3]

AFFIRMED.

---

2. (a) This code is enacted as a part of the state's continuing statutory revision program, begun by the Texas Legislative Council in 1963 as directed by the legislature in Chapter 323, Government Code. TEX. CIV. PRAC. & REM.CODE ANN. § 1.001(a) (Vernon Supp.1998). The program contemplates a topic-by-topic revision of the state's general and permanent statute law without substantive change.

3. Appellant, by brief, contends that Constable Colson, a named respondent, was ignored in the final judgment therefore resulting in a judgment that is not final. The transcript before us reflects a final judgment expressly listing Constable Colson [mistakenly spelled "Coulson"], and noting appearance by his counsel at the hearing on appellees' motion. We therefore disregard appellant's contention that the judgment was not final for failure to dispose of all parties.