COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                       NO. 02-08-456-CV

 

 

BERNARD
DOLENZ, TRUSTEE                                                APPELLANT

 

                                                   V.

 

JUAN
BANDA                                                                        APPELLEE

 

                                              ------------

 

            FROM THE 48TH
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








Appellant Bernard Dolenz as trustee appeals from
the summary judgment in favor of Appellee Juan Banda on Dolenz=s action
to recover certain real property located in Fort Worth, Texas.  In four issues, Dolenz argues that the trial
court erred by granting summary judgment because (1) the trial court ruled
against Dolenz before the time had elapsed for him to file a response; (2)
Banda=s
summary judgment evidence failed to negate Dolenz=s claim
of no title because of the irregular sheriff=s sale;
(3) Banda=s summary judgment evidence
failed to show that Banda has a duly registered deed; and (4) Banda failed to
overcome Dolenz=s affirmative defense of
equitable tolling.  Because we hold that
the trial court considered Dolenz=s
response before signing its final judgment, that Banda based his claim on a
duly registered warranty deed, and that Dolenz failed to raise a fact issue on
the doctrine of equitable tolling, we affirm.

                                 Facts
and Procedural History

Dolenz and his ex-wife Dalila had once owned the
property he now seeks to recover (Athe
property@).  The two divorced in 1980, and in 1990, Dolenz
conveyed his half ownership of the property to their son Bruce.








In 1993, Dale Wells sued and recovered a default
judgment against AKen Topham a/k/a Bernard J.
Dolenz.@  Dolenz and Ken Topham are not the same
person, however, and Wells did not intend to sue Dolenz in that suit.  Nevertheless, to satisfy the default
judgment, in December 2001, the Tarrant County Sheriff levied upon and sold the
property to Gene DeVoll as trustee for the North Texas Land Trust.  That same month, Banda purchased the property
from the Land Trust, and DeVoll as trustee executed a warranty deed to Banda.  This deed was recorded in Tarrant County=s real
property records on December 28, 2001.

In 2002, Bruce assigned his half interest in the
property to Dalila.  In 2005, Dalila
assigned to Dolenz as trustee her rights, if any, in the property.

Also in 2005, Dolenz brought an unsuccessful bill
of review to set aside the judgment against Topham.  At the hearing, Topham testified that he had
never held himself out as Bernard Dolenz, and Wells=s
attorney testified that he had never intended to sue Dolenz.  The trial court concluded that Dolenz did not
have standing to challenge a judgment against Topham by way of bill of review,
and, accordingly, the court denied his bill of review.  In 2007, the Dallas Court of Appeals vacated the
trial court=s judgment of denial and
dismissed the action on the ground that Dolenz did not have standing.[2]








In 2008, Dolenz, acting pro se, brought suit
against Banda on a claim for trespass to real property.  Banda answered and filed a motion for summary
judgment alleging that he had established title to the property by adverse
possession.  As summary judgment
evidence, Banda attached the deed from DeVoll. 
He also attached his own affidavit stating that when he bought the
property, it was unimproved, that he made improvements by stabilizing the ground
to allow for parking commercial trucks, that he began parking trucks on the
property two weeks after purchasing it, that he installed a metal privacy fence
to enclose the property, and that he has paid all property taxes on the
property.

Dolenz filed a competing motion for summary
judgment.  He attached his own affidavit
asserting that he did not own the property at the time of the sheriff=s
sale.  He claimed that the sheriff could
only convey what interest Dolenz as the judgment debtor had in the property,
and he had no interest in the property at the time of its sale.  He also claimed that he had brought suit to
recover the property within five years because he filed a bill of review on
August 22, 2005.








The trial court apparently held a hearing on June
26, 2008, but continued the case and requested that Dolenz submit evidence to
show that he had standing as trustee. 
There is no record of the hearing in the appellate record.  On July 25, 2008, the trial court notified
the parties by letter that it had decided to grant Banda=s motion
and deny Dolenz=s motion, but it did not at that
time sign an order.  Dolenz then retained
counsel who, on August 22, 2008, filed a response to Banda=s
summary judgment motion.  This response
asserted the affirmative defense of equitable tolling.  The summary judgment hearing had been reset
for August 29, 2008, and on that date the trial court signed an order granting
summary judgment for Banda, from which Dolenz now appeals.

                                       Standard
of Review

A defendant is entitled to summary judgment on an
affirmative defense if the defendant conclusively proves all the elements of
the affirmative defense.[3]  To accomplish this, the defendant-movant must
present summary judgment evidence that establishes each element of the
affirmative defense as a matter of law.[4]  When reviewing a summary judgment, we take as
true all evidence favorable to the nonmovant, and we indulge every reasonable
inference and resolve any doubts in the nonmovant=s favor.[5]

                                               Analysis








Under Dolenz=s first
issue, he argues that the trial court erred by granting summary judgment
because the trial court ruled against him before the time had elapsed for him
to file a response.  We disagree with
Dolenz.  Although the appellate record is
not as clear as it could be, it demonstrates that the trial court did not sign
an order until after Dolenz filed a response and that even after it signed an
order, while it still retained plenary power, it considered the issue Dolenz
raised in his response.

Banda filed his summary judgment motion on May
29, 2008, and Dolenz filed his summary judgment motion on June 2, 2008.  A hearing on the motions was originally set
for June 26, 2008.  Dolenz did not file a
response to Banda=s motion within the deadline for
filing a response under rule 166a(c) of the rules of civil procedure.[6]  No record of a hearing on that date appears in
the appellate record, but both parties acknowledge that the trial court did
begin the hearing that day.  Dolenz noted
in a filing in the trial court that on that date, the trial court continued the
case to allow him the opportunity to show the court that he had standing as
trustee to bring suit.  The hearing was
then reset for August 15, 2008.

On July 25, 2008, the trial court notified the
parties by letter that it was granting Banda=s motion
and denying Dolenz=s.  The court did not, however, sign an order to
that effect.  Instead, it asked Banda=s
attorney to submit an order to the court by August 13, 2008.  As of the day of the trial court=s
letter, Dolenz had still not filed any response to Banda=s
motion.








On August 5, 2008, by which time Dolenz had still
not filed any response to Banda=s
motion, the summary judgment hearing was again reset, this time for August 29,
2008.  Dolenz, having obtained counsel,
finally filed a response on August 22, 2008.

On August 29, 2008, the trial court signed an
order granting Banda=s motion and denying Dolenz=s
motion.  This order stated that the
motion was heard on June 26, 2008. 
Dolenz then filed a motion to reconsider on September 24, 2008.  Dolenz filed a letter brief on November 5,
2008, on the issue of equitable tolling.








On November 20, 2008, the trial court held what
purported to be a summary judgment hearing at which the court acknowledged that
it had set aside the summary judgment for the purpose of considering Dolenz=s
equitable tolling argument.  But at the
end of the hearing, the trial court noted that it had not been presented with,
nor had it signed an order on the motion to reconsider.  Accordingly, the trial court stated, the
motion to reconsider had been overruled by operation of law on November 12,
2008, and the court only had plenary power for thirty days from that date.[7]  The trial court informed Dolenz that, consequently,
it had two weeks left with plenary power over the matter and that it would
allow Dolenz to amend his pleadings within that time to include the facts that
Dolenz relied upon to support his claim that equitable tolling applied.  Instead of amending, Dolenz filed this
appeal.

The record demonstrates that the summary judgment
hearing was originally set for and commenced on June 26, by which time Dolenz
had not filed a response.  The trial
court could have ruled on the motions that day without allowing Dolenz time to
respond.[8]  After the trial court=s letter
of July 25 but seven days before the trial court=s
signing of the August 29 order, Dolenz filed a response to Banda=s
summary judgment motion.  Thus, Dolenz
filed a response seven days before the trial court held the August 29 hearing
and signed its order granting summary judgment. 
Accordingly, the trial court did not grant Banda=s motion
before the time had elapsed for Dolenz to file a response.








Generally, when a trial court resets the date for
the hearing on a summary judgment motion, the nonmovant=s time
to respond to the motion increases to correspond with the new hearing date.[9]  We do not have the record from the June 26
hearing, so we cannot determine whether the trial court continued the hearing
only on the issue of Dolenz=s
standing or whether the court would also consider the parties= summary
judgment motions at the new hearing.  But
although the trial court=s August 29 order states that it
heard the motion on June 26, nothing in the order indicates that it did not
consider Dolenz=s response in its ruling.

Furthermore, the trial court apparently orally
granted Dolenz=s motion to reconsider, but
Dolenz never provided the court with an order to that effect.  And the trial court still allowed Dolenz the
opportunity to amend his pleadings on the equitable tolling issue, which Dolenz
declined to do.  The trial court not only
considered Dolenz=s response before signing its
order, but it apparently made every effort to allow Dolenz to assert a
meritorious defense before it lost plenary power.  We overrule Dolenz=s first
issue.

In his second issue, Dolenz argues that the trial
court erred by granting summary judgment because Banda=s
summary judgment evidence failed to negate Dolenz=s claim
of no title based on the irregular sheriff=s
sale.  He states that ABanda
may have acquired his title by a Warranty Deed, but the Sheriff=s sale
would have been a quitclaim deed, and it is on the strength of the quitclaim
deed that all subsequent deeds in the chain of title base their claim.@  We disagree with Dolenz.








To show his entitlement to summary judgment,
Banda alleged the affirmative defense of adverse possession under section
16.025 of the civil practice and remedies code.[10]  Under that statute, a person must bring suit
within five years to recover real property held adversely by another who
cultivates, uses, or enjoys the property; pays applicable taxes on the
property; and claims the property under a duly registered deed.  The last element is at issue in this appeal.

The purpose of requiring a registered deed is Ato
define the boundaries of the claim and give notice to the true owner of such
adverse claim.@[11]  For purposes of the statute, the validity of
the deed as a conveyance of title is immaterial.[12]  A deed is sufficient under the statute if it
gives notice of the adverse claim and is not void on its face.[13]








To be effective as a deed, an instrument must be
sufficient for the grantor and grantee to be ascertained and must be signed and
acknowledged by the grantor and contain words showing the intention of the
grantor to convey title.[14]  Banda attached to his summary judgment motion
the deed from DeVoll.  This deed named
North Texas Land Trust as grantor and was signed by DeVoll as trustee.  It named Banda as grantee.  The deed described the property conveyed by
lot and block and also by street address. 
Furthermore, the deed stated that the grantor Adoes
grant, sell, and convey@ the property Ato have
and to hold . . . to Grantee, his heirs, personal representatives, successors,
and assigns forever.@








The deed named the grantor and the grantee,
contained a signature by the grantor and an acknowledgment, described the land
being conveyed, and used language indicating an intent on the part of the
grantor to convey the land described. 
Thus, the instrument had the appearance of validity on its face[15]
and gave notice of exactly what property was being claimed adversely and by
whom.  The deed was therefore sufficient
to satisfy section 16.025.[16]

Dolenz argues that Banda=s
counsel made a judicial admission that Banda claims the property through the
sheriff=s sale
and that the sheriff conveyed the property by means of a quitclaim deed.  We disagree. 
A quitclaim deed generally will not satisfy the Aduly
registered deed@ element of section 16.025
because such a deed purports to convey only whatever right, title, and interest
the grantor had and does not purport to convey the land itself or any
particular interest in the land.[17]  Banda=s
counsel did state that she believed the sheriff=s deed
was a quitclaim deed, but she further asserted that her client based his claim
on the deed from DeVoll and not on the sheriff=s deed.








Finally, Dolenz cites Apex Financial
Corporation v. Garza[18]
for the proposition that the sheriff could only convey the interest in the
property that appeared of record at the time of the sheriff=s
sale.  Thus, he argues, when a judgment
debtorCin this
case, DolenzChas no interest in the property
sold at the sale, then a purchaser acquires only the interest that the debtor
had, which in this case was nothing.  Apex
is inapposite.  That case addressed a
dispute over property between a party asserting that it was a bona fide
purchaser for value of the property and another party asserting ownership under
a quitclaim deed.[19]  That case has no bearing on whether a party
asserting adverse possession may base its claim on a warranty deed from a
purchaser at a sheriff=s sale.  Furthermore, the issue in this case is not
whether the sheriff=s deed conveyed good title but
whether the deed from DeVoll to Banda satisfied section 16.025.  We overrule Dolenz=s second
issue.

In his third issue, Dolenz argues that the trial
court erred by granting summary judgment because Banda=s
summary judgment evidence failed to show that Banda has a Aduly
registered deed.@ 
Dolenz asserts that a quitclaim deed does not constitute a Aduly
registered deed@ under section 16.025 and that
therefore Banda did not establish his right to judgment under that statute.








Dolenz relies on Johnson v. McClintock[20]
for the proposition that a party may not rely on a quitclaim deed conveying any
interest of a grantor in real property, when that grantor has in fact no
interest in the property, in order to demonstrate a duly registered deed for
purposes of section 16.025.  But Banda
based his claim not on the sheriff=s deed
but on the deed by which he acquired the propertyCthe deed
from DeVoll.  That deed was a warranty
deed that conveyed not only the North Texas Land Trust=s
interest in the property, but the real property itself.[21]  The deed was valid on its face[22]
and was registered in the Tarrant County property records.  It therefore met the requirements under
section 16.025 for a Aduly registered deed.@  We overrule Dolenz=s third
issue.

In Dolenz=s fourth
issue, he argues that the trial court erred by granting summary judgment
because Banda failed to overcome Dolenz=s
affirmative defense of equitable tolling. 
Under this issue, Dolenz argues that the statute of limitations in
section 16.025 does not apply because he could not file suit until he acquired
the property, but if it does apply, the limitations period was tolled.  We first note that Banda did not have the
burden to prove that equitable tolling did not apply; rather, once Banda
established the elements of section 16.025, Dolenz had the burden to at least
raise a fact issue as to whether equitable tolling applied.[23]  Dolenz did not meet that burden.








As to Dolenz=s
argument that section 16.025 does not apply to him because he could not file
suit before he was harmed, that is, before he acquired the property in 2005, we
disagree.  Once an adverse claimant
begins adversely possessing property and the limitations period begins to run,
its running will not be interrupted by the conveyance of the property by the
true owner to a subsequent purchaser.[24]  Thus, it is immaterial that Dolenz, whose
interest in the property is only through the conveyance from Dalila, could not
have brought suit sooner.  Dalila=s
conveyance of the property to Dolenz did not interrupt the running of the
limitations period, and he took the property burdened by Banda=s
adverse claim.[25]








Dolenz further argues that if the statute of
limitations does apply, the doctrine of equitable tolling should also
apply.  That doctrine works to toll the
applicable statute of limitations in situations Awhere
the claimant has actively pursued his judicial remedies by filing a defective
pleading during the statutory period or where the complainant has been induced
or tricked by his adversary=s
misconduct@ into allowing the filing
deadline to run.[26]








Under the evidence produced in the trial court,
neither situation applies in this case. 
Although Dolenz brought a bill of review in 2005, that action was to set
aside the judgment against Topham.  He
did not bring a suit against Banda to recover the property until 2008, well
outside the statutory period.  And there
was no evidence or suggestion that any party induced or tricked Dolenz into
allowing the limitations period to run before filing suit.  Dolenz asserts that the circumstances of this
case Aare
truly exceptional.@[27]  But the evidence does not demonstrate any Aextraordinary
circumstance@ precluding Dolenz (or his wife
or son when they owned the property) from bringing suit to recover the property.[28]  Thus, the trial court did not err by
concluding that Dolenz=s assertion of equitable tolling
did not defeat Banda=s right to summary judgment on
his affirmative defense of title by limitations.








Although Dolenz asserts that A[t]here
was obviously fraud committed by someone before Banda,@ this
assertion does not help him establish an Aextraordinary
circumstance.@ 
In Eckert v. Wendel, the Supreme Court of Texas held that an
adverse claimant could assert title by limitations under the five-year statute
even though the deed under which the claimant held the property was, under the
law at that time, void as in fraud of the grantor=s
creditors.[29]  The court quoted Davis for the
proposition that although a deed obtained through fraud Ais
without effect as a muniment of title,@ when it
is valid on its face and duly recorded, it gives notice of an adverse claim,
and, Athere
being no issue of fraud undiscovered or concealed,@ the
five-year statute of limitations applies to a suit by the owner to recover the
land.[30]  Accordingly, in this case, even if Asomeone@
committed fraud that resulted in the sheriff=s sale,
Dolenz and his predecessors had notice of the fraud, and thus section 16.025
was not tolled because of that fraud.  We
overrule Dolenz=s fourth issue.

                                             Conclusion

Having overruled each of Dolenz=s four
issues, we affirm the trial court=s
judgment.

 

 

LEE
ANN DAUPHINOT

JUSTICE

 

PANEL:  CAYCE, C.J.; DAUPHINOT
and MEIER, JJ.

DELIVERED:  June 25, 2009











[1]See Tex. R. App. P. 47.4.





[2]Dolenz v. Wells, No. 05‑06‑00840‑CV,
2007 WL 259196, at *2 (Tex. App.CDallas Jan. 31, 2007, pet. denied) (mem. op.).





[3]Rhone-Poulenc, Inc. v.
Steel,
997 S.W.2d 217, 223 (Tex. 1999); see Tex. R. Civ. P. 166a(b), (c).





[4]Ryland Group, Inc. v.
Hood,
924 S.W.2d 120, 121 (Tex. 1996).





[5]IHS Cedars Treatment Ctr.
of DeSoto, Tex., Inc. v. Mason, 143 S.W.3d 794, 798 (Tex. 2004).





[6]See Tex. R. Civ. P. 166a(c)
(stating that except on leave of the court, the nonmovant must file any
response not later than seven days prior to the day of the hearing).





[7]See Tex. R. Civ. P. 329b.





[8]See Tex. R. Civ. P. 166a(c).





[9]See Huffine v. Tomball
Hosp. Auth.,
979 S.W.2d 795, 798 (Tex. App.CHouston [14th Dist.] 1998, no pet.).





[10]Tex. Civ. Prac. &
Rem. Code Ann. ' 16.025 (Vernon 2002).





[11]Davis v. Howe, 213 S.W. 609, 610 (Tex.
Com. App. 1919, judgm=t adopted); Thomas v.
Sw. Settlement & Dev. Co., 131 S.W.2d 31, 34 (Tex. Civ. App.CBeaumont 1939, writ dism=d judgm=t cor.).





[12]Rosborough v. Cook, 108 Tex. 364, 194 S.W.
131, 131B32 (1917); Davis,
213 S.W. at 610.





[13]See Rosborough, 194 S.W. at 132
(stating that if a deed Adescribes and purports to
convey the land and tested by itself is upon its face a good deed, it meets the
requirement@ of the limitations statute);
Davis, 213 S.W. at 610 (AAn instrument in the form of a deed not void on
its face, even though the grantor be wholly without title, satisfies the
requirement of the statute.@).





[14]Harlan v. Vetter, 732 S.W.2d 390, 392
(Tex. App.CEastland 1987, writ ref=d n.r.e.).





[15]See id. (stating that for a deed
to be effective, the instrument must be sufficient for the grantor and grantee
to be ascertained and must be signed and acknowledged by the grantor and
contain words of grant or operative words of grant showing the intention of grantor
to convey title).





[16]See Rosborough, 194 S.W. at 132; Davis,
213 S.W. at 610.





[17]Porter v. Wilson, 389 S.W.2d 650, 654
(Tex. 1965).





[18]155 S.W.3d 230 (Tex. App.CDallas 2004, pet.
denied).





[19]Id. at 234.





[20]202 S.W.3d 821B23 (Tex. App.CCorpus Christi 2006, no
pet.).





[21]See Porter, 389
S.W.2d at 654 (stating that quitclaim deed generally will not satisfy five-year
statute of limitations because it purports to convey only whatever right,
title, and interest the grantor had and does not purport to convey the land
itself).





[22]See Harlan, 732 S.W.2d at 392.





[23]See KPMG Peat Marwick v.
Harrison County Hous. Fin. Corp., 988 S.W.2d 746, 748 (Tex. 1999) (stating that
in summary judgment proceeding, if defendant‑movant Aestablishes that the
statute of limitations bars the action, the nonmovant must then adduce summary
judgment proof raising a fact issue in avoidance of the statute of limitations@).





[24]Condra v. Grogan Mfg. Co., 149 Tex. 380, 233
S.W.2d 565, 568 (1950) (stating that once statute of limitations began to run
against adverse claimant=s cotenants, operation of
statute was not affected by cotenants= subsequent conveyance to appellee); Eastham
v. Gibbs, 58 Tex. Civ. App. 627, 125 S.W. 372, 374 (Fort Worth 1910, no
writ) (A[O]nce the statute of
limitation begins to run it is clear that it will not be interrupted in behalf
of a subsequent purchaser objecting to its operation for want of notice.@).





[25]See Eastham, 125 S.W. at 374; see
also Langehennig v. Hohmann, 365 S.W.2d 203, 206 (Tex. Civ. App.CSan Antonio 1963, writ
ref=d n.r.e.) (applying
statute of limitations in trespass to try title actions brought by heirs of
original property owner); Sciraffa v. Flores, 274 S.W. 260, 261 (Tex.
Civ. App.CSan Antonio 1925, writ
dism=d w.o.j.) (holding that
adverse claimants= rights to property by
virtue of adverse possession were not affected by appellant=s obtaining title to the
property under a favorable judgment in a trespass to try title action against
another party); but cf. Warnecke v. Broad, 138 Tex. 631, 161 S.W.2d 453,
454B55 (1942) (noting that
limitations period begins to run when cause of action accrues and holding that
because deed of trust did not convey title or right of possession to mortgagee,
and thus mortgagee could not sue to recover land from trespasser, statute of
limitations did not begin to run against mortgagee=s right to bring trespass
action until mortgagee bought property at foreclosure sale).





[26]Smith v. J‑Hite,
Inc.,
127 S.W.3d 837, 843 (Tex. App.CEastland 2003, no pet.); see also Bailey v.
Gardner, 154 S.W.3d 917, 920 (Tex. App.CDallas 2005, no pet.); Czerwinski v. Univ. of
Tex. Health Sci. Ctr. at Houston Sch. of Nursing, 116 S.W.3d 119, 122B23 (Tex. App.CHouston [14th Dist.]
2002, pet. denied).





[27]See Pace v. DiGuglielmo, 544 U.S. 408, 418, 125
S. Ct. 1807, 1814 (2005) (noting that A[g]enerally, a litigant seeking equitable tolling
bears the burden of establishing two elements: (1) that he has been pursuing
his rights diligently, and (2) that some extraordinary circumstance stood in
his way@).





[28]See id.





[29]120 Tex. 618, 40 S.W.2d
796, 801 (Tex. 1931).





[30]Id. (quoting Davis,
213 S.W. at 611).