

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-08-456-CV

BERNARD DOLENZ, TRUSTEE                    APPELLANT

V.

JUAN BANDA                                APPELLEE

------------

FROM THE 48TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Bernard Dolenz as trustee appeals from the summary judgment

in favor of Appellee Juan Banda on Dolenz's action to recover certain real

property located in Fort Worth, Texas.  In four issues, Dolenz argues that the

trial court erred by granting summary judgment because (1) the trial court ruled

against Dolenz before the time had elapsed for him to file a response; (2)

---

[1] *See* Tex. R. App. P. 47.4.

Banda's summary judgment evidence failed to negate Dolenz's claim of no title because of the irregular sheriff's sale; (3) Banda's summary judgment evidence failed to show that Banda has a duly registered deed; and (4) Banda failed to overcome Dolenz's affirmative defense of equitable tolling. Because we hold that the trial court considered Dolenz's response before signing its final judgment, that Banda based his claim on a duly registered warranty deed, and that Dolenz failed to raise a fact issue on the doctrine of equitable tolling, we affirm.

**Facts and Procedural History**

Dolenz and his ex-wife Dalila had once owned the property he now seeks to recover ("the property"). The two divorced in 1980, and in 1990, Dolenz conveyed his half ownership of the property to their son Bruce.

In 1993, Dale Wells sued and recovered a default judgment against "Ken Topham a/k/a Bernard J. Dolenz." Dolenz and Ken Topham are not the same person, however, and Wells did not intend to sue Dolenz in that suit. Nevertheless, to satisfy the default judgment, in December 2001, the Tarrant County Sheriff levied upon and sold the property to Gene DeVoll as trustee for the North Texas Land Trust. That same month, Banda purchased the property from the Land Trust, and DeVoll as trustee executed a warranty deed to Banda.

2

This deed was recorded in Tarrant County's real property records on December 28, 2001.

In 2002, Bruce assigned his half interest in the property to Dalila. In 2005, Dalila assigned to Dolenz as trustee her rights, if any, in the property.

Also in 2005, Dolenz brought an unsuccessful bill of review to set aside the judgment against Topham. At the hearing, Topham testified that he had never held himself out as Bernard Dolenz, and Wells's attorney testified that he had never intended to sue Dolenz. The trial court concluded that Dolenz did not have standing to challenge a judgment against Topham by way of bill of review, and, accordingly, the court denied his bill of review. In 2007, the Dallas Court of Appeals vacated the trial court's judgment of denial and dismissed the action on the ground that Dolenz did not have standing.[2]

In 2008, Dolenz, acting pro se, brought suit against Banda on a claim for trespass to real property. Banda answered and filed a motion for summary judgment alleging that he had established title to the property by adverse possession. As summary judgment evidence, Banda attached the deed from DeVoll. He also attached his own affidavit stating that when he bought the property, it was unimproved, that he made improvements by stabilizing the

---

[2] *Dolenz v. Wells*, No. 05-06-00840-CV, 2007 WL 259196, at *2 (Tex. App.—Dallas Jan. 31, 2007, pet. denied) (mem. op.).

ground to allow for parking commercial trucks, that he began parking trucks on the property two weeks after purchasing it, that he installed a metal privacy fence to enclose the property, and that he has paid all property taxes on the property.

Dolenz filed a competing motion for summary judgment. He attached his own affidavit asserting that he did not own the property at the time of the sheriff's sale. He claimed that the sheriff could only convey what interest Dolenz as the judgment debtor had in the property, and he had no interest in the property at the time of its sale. He also claimed that he had brought suit to recover the property within five years because he filed a bill of review on August 22, 2005.

The trial court apparently held a hearing on June 26, 2008, but continued the case and requested that Dolenz submit evidence to show that he had standing as trustee. There is no record of the hearing in the appellate record. On July 25, 2008, the trial court notified the parties by letter that it had decided to grant Banda's motion and deny Dolenz's motion, but it did not at that time sign an order. Dolenz then retained counsel who, on August 22, 2008, filed a response to Banda's summary judgment motion. This response asserted the affirmative defense of equitable tolling. The summary judgment hearing had been reset for August 29, 2008, and on that date the trial court

4

signed an order granting summary judgment for Banda, from which Dolenz now appeals.

## Standard of Review

A defendant is entitled to summary judgment on an affirmative defense if the defendant conclusively proves all the elements of the affirmative defense.[3] To accomplish this, the defendant-movant must present summary judgment evidence that establishes each element of the affirmative defense as a matter of law.[4] When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor.[5]

## Analysis

Under Dolenz's first issue, he argues that the trial court erred by granting summary judgment because the trial court ruled against him before the time had elapsed for him to file a response. We disagree with Dolenz. Although the appellate record is not as clear as it could be, it demonstrates that the trial court did not sign an order until after Dolenz filed a response and that even

---

[3] *Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999); *see* Tex. R. Civ. P. 166a(b), (c).

[4] *Ryland Group, Inc. v. Hood*, 924 S.W.2d 120, 121 (Tex. 1996).

[5] *IHS Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004).

5

after it signed an order, while it still retained plenary power, it considered the issue Dolenz raised in his response.

Banda filed his summary judgment motion on May 29, 2008, and Dolenz filed his summary judgment motion on June 2, 2008. A hearing on the motions was originally set for June 26, 2008. Dolenz did not file a response to Banda's motion within the deadline for filing a response under rule 166a(c) of the rules of civil procedure.[6] No record of a hearing on that date appears in the appellate record, but both parties acknowledge that the trial court did begin the hearing that day. Dolenz noted in a filing in the trial court that on that date, the trial court continued the case to allow him the opportunity to show the court that he had standing as trustee to bring suit. The hearing was then reset for August 15, 2008.

On July 25, 2008, the trial court notified the parties by letter that it was granting Banda's motion and denying Dolenz's. The court did not, however, sign an order to that effect. Instead, it asked Banda's attorney to submit an order to the court by August 13, 2008. As of the day of the trial court's letter, Dolenz had still not filed any response to Banda's motion.

---

[6] *See* Tex. R. Civ. P. 166a(c) (stating that except on leave of the court, the nonmovant must file any response not later than seven days prior to the day of the hearing).

On August 5, 2008, by which time Dolenz had still not filed any response to Banda's motion, the summary judgment hearing was again reset, this time for August 29, 2008. Dolenz, having obtained counsel, finally filed a response on August 22, 2008.

On August 29, 2008, the trial court signed an order granting Banda's motion and denying Dolenz's motion. This order stated that the motion was heard on June 26, 2008. Dolenz then filed a motion to reconsider on September 24, 2008. Dolenz filed a letter brief on November 5, 2008, on the issue of equitable tolling.

On November 20, 2008, the trial court held what purported to be a summary judgment hearing at which the court acknowledged that it had set aside the summary judgment for the purpose of considering Dolenz's equitable tolling argument. But at the end of the hearing, the trial court noted that it had not been presented with, nor had it signed an order on the motion to reconsider. Accordingly, the trial court stated, the motion to reconsider had been overruled by operation of law on November 12, 2008, and the court only had plenary power for thirty days from that date.[7] The trial court informed Dolenz that, consequently, it had two weeks left with plenary power over the

---

[7] *See* Tex. R. Civ. P. 329b.

7

matter and that it would allow Dolenz to amend his pleadings within that time to include the facts that Dolenz relied upon to support his claim that equitable tolling applied. Instead of amending, Dolenz filed this appeal.

The record demonstrates that the summary judgment hearing was originally set for and commenced on June 26, by which time Dolenz had not filed a response. The trial court could have ruled on the motions that day without allowing Dolenz time to respond.[8] After the trial court's letter of July 25 but seven days before the trial court's signing of the August 29 order, Dolenz filed a response to Banda's summary judgment motion. Thus, Dolenz filed a response seven days before the trial court held the August 29 hearing and signed its order granting summary judgment. Accordingly, the trial court did not grant Banda's motion before the time had elapsed for Dolenz to file a response.

Generally, when a trial court resets the date for the hearing on a summary judgment motion, the nonmovant's time to respond to the motion increases to correspond with the new hearing date.[9] We do not have the record from the June 26 hearing, so we cannot determine whether the trial court continued the

---

[8] *See* Tex. R. Civ. P. 166a(c).

[9] *See Huffine v. Tomball Hosp. Auth.*, 979 S.W.2d 795, 798 (Tex. App.—Houston [14th Dist.] 1998, no pet.).

hearing only on the issue of Dolenz's standing or whether the court would also consider the parties' summary judgment motions at the new hearing. But although the trial court's August 29 order states that it heard the motion on June 26, nothing in the order indicates that it did not consider Dolenz's response in its ruling.

Furthermore, the trial court apparently orally granted Dolenz's motion to reconsider, but Dolenz never provided the court with an order to that effect. And the trial court still allowed Dolenz the opportunity to amend his pleadings on the equitable tolling issue, which Dolenz declined to do. The trial court not only considered Dolenz's response before signing its order, but it apparently made every effort to allow Dolenz to assert a meritorious defense before it lost plenary power. We overrule Dolenz's first issue.

In his second issue, Dolenz argues that the trial court erred by granting summary judgment because Banda's summary judgment evidence failed to negate Dolenz's claim of no title based on the irregular sheriff's sale. He states that "Banda may have acquired his title by a Warranty Deed, but the Sheriff's sale would have been a quitclaim deed, and it is on the strength of the quitclaim deed that all subsequent deeds in the chain of title base their claim." We disagree with Dolenz.

To show his entitlement to summary judgment, Banda alleged the affirmative defense of adverse possession under section 16.025 of the civil practice and remedies code.[10]  Under that statute, a person must bring suit within five years to recover real property held adversely by another who cultivates, uses, or enjoys the property; pays applicable taxes on the property; and claims the property under a duly registered deed.  The last element is at issue in this appeal.

The purpose of requiring a registered deed is "to define the boundaries of the claim and give notice to the true owner of such adverse claim."[11]  For purposes of the statute, the validity of the deed as a conveyance of title is immaterial.[12]  A deed is sufficient under the statute if it gives notice of the adverse claim and is not void on its face.[13]

---

[10] Tex. Civ. Prac. & Rem. Code Ann. § 16.025 (Vernon 2002).

[11] *Davis v. Howe*, 213 S.W. 609, 610 (Tex. Com. App. 1919, judgm't adopted); *Thomas v. Sw. Settlement & Dev. Co.*, 131 S.W.2d 31, 34 (Tex. Civ. App.—Beaumont 1939, writ dism'd judgm't cor.).

[12] *Rosborough v. Cook*, 108 Tex. 364, 194 S.W. 131, 131–32 (1917); *Davis*, 213 S.W. at 610.

[13] *See Rosborough*, 194 S.W. at 132 (stating that if a deed "describes and purports to convey the land and tested by itself is upon its face a good deed, it meets the requirement" of the limitations statute); *Davis*, 213 S.W. at 610 ("An instrument in the form of a deed not void on its face, even though the grantor be wholly without title, satisfies the requirement of the statute.").

To be effective as a deed, an instrument must be sufficient for the grantor and grantee to be ascertained and must be signed and acknowledged by the grantor and contain words showing the intention of the grantor to convey title.[14] Banda attached to his summary judgment motion the deed from DeVoll. This deed named North Texas Land Trust as grantor and was signed by DeVoll as trustee. It named Banda as grantee. The deed described the property conveyed by lot and block and also by street address. Furthermore, the deed stated that the grantor "does grant, sell, and convey" the property "to have and to hold . . . to Grantee, his heirs, personal representatives, successors, and assigns forever."

The deed named the grantor and the grantee, contained a signature by the grantor and an acknowledgment, described the land being conveyed, and used language indicating an intent on the part of the grantor to convey the land described. Thus, the instrument had the appearance of validity on its face[15]

---

[14] *Harlan v. Vetter*, 732 S.W.2d 390, 392 (Tex. App.—Eastland 1987, writ ref'd n.r.e.).

[15] *See id.* (stating that for a deed to be effective, the instrument must be sufficient for the grantor and grantee to be ascertained and must be signed and acknowledged by the grantor and contain words of grant or operative words of grant showing the intention of grantor to convey title).

11

and gave notice of exactly what property was being claimed adversely and by whom. The deed was therefore sufficient to satisfy section 16.025.[16]

Dolenz argues that Banda's counsel made a judicial admission that Banda claims the property through the sheriff's sale and that the sheriff conveyed the property by means of a quitclaim deed. We disagree. A quitclaim deed generally will not satisfy the "duly registered deed" element of section 16.025 because such a deed purports to convey only whatever right, title, and interest the grantor had and does not purport to convey the land itself or any particular interest in the land.[17] Banda's counsel did state that she believed the sheriff's deed was a quitclaim deed, but she further asserted that her client based his claim on the deed from DeVoll and not on the sheriff's deed.

Finally, Dolenz cites *Apex Financial Corporation v. Garza*[18] for the proposition that the sheriff could only convey the interest in the property that appeared of record at the time of the sheriff's sale. Thus, he argues, when a judgment debtor—in this case, Dolenz—has no interest in the property sold at the sale, then a purchaser acquires only the interest that the debtor had, which in this case was nothing. *Apex* is inapposite. That case addressed a dispute

---

[16] *See Rosborough*, 194 S.W. at 132; *Davis*, 213 S.W. at 610.

[17] *Porter v. Wilson*, 389 S.W.2d 650, 654 (Tex. 1965).

[18] 155 S.W.3d 230 (Tex. App.—Dallas 2004, pet. denied).

12

over property between a party asserting that it was a bona fide purchaser for value of the property and another party asserting ownership under a quitclaim deed.[19]  That case has no bearing on whether a party asserting adverse possession may base its claim on a warranty deed from a purchaser at a sheriff's sale.  Furthermore, the issue in this case is not whether the sheriff's deed conveyed good title but whether the deed from DeVoll to Banda satisfied section 16.025.  We overrule Dolenz's second issue.

In his third issue, Dolenz argues that the trial court erred by granting summary judgment because Banda's summary judgment evidence failed to show that Banda has a "duly registered deed."  Dolenz asserts that a quitclaim deed does not constitute a "duly registered deed" under section 16.025 and that therefore Banda did not establish his right to judgment under that statute.

Dolenz relies on *Johnson v. McClintock*[20] for the proposition that a party may not rely on a quitclaim deed conveying any interest of a grantor in real property, when that grantor has in fact no interest in the property, in order to demonstrate a duly registered deed for purposes of section 16.025.  But Banda based his claim not on the sheriff's deed but on the deed by which he acquired the property—the deed from DeVoll.  That deed was a warranty deed that

---

[19] *Id.* at 234.

[20] 202 S.W.3d 821–23 (Tex. App.—Corpus Christi 2006, no pet.).

13

conveyed not only the North Texas Land Trust's interest in the property, but the real property itself.[21] The deed was valid on its face[22] and was registered in the Tarrant County property records. It therefore met the requirements under section 16.025 for a "duly registered deed." We overrule Dolenz's third issue.

In Dolenz's fourth issue, he argues that the trial court erred by granting summary judgment because Banda failed to overcome Dolenz's affirmative defense of equitable tolling. Under this issue, Dolenz argues that the statute of limitations in section 16.025 does not apply because he could not file suit until he acquired the property, but if it does apply, the limitations period was tolled. We first note that Banda did not have the burden to prove that equitable tolling did not apply; rather, once Banda established the elements of section 16.025, Dolenz had the burden to at least raise a fact issue as to whether equitable tolling applied.[23] Dolenz did not meet that burden.

---

[21] *See Porter*, 389 S.W.2d at 654 (stating that quitclaim deed generally will not satisfy five-year statute of limitations because it purports to convey only whatever right, title, and interest the grantor had and does not purport to convey the land itself).

[22] *See Harlan*, 732 S.W.2d at 392.

[23] *See KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999) (stating that in summary judgment proceeding, if defendant-movant "establishes that the statute of limitations bars the action, the nonmovant must then adduce summary judgment proof raising a fact issue in avoidance of the statute of limitations").

As to Dolenz's argument that section 16.025 does not apply to him because he could not file suit before he was harmed, that is, before he acquired the property in 2005, we disagree.  Once an adverse claimant begins adversely possessing property and the limitations period begins to run, its running will not be interrupted by the conveyance of the property by the true owner to a subsequent purchaser.[24]  Thus, it is immaterial that Dolenz, whose interest in the property is only through the conveyance from Dalila, could not have brought suit sooner.  Dalila's conveyance of the property to Dolenz did not interrupt the running of the limitations period, and he took the property burdened by Banda's adverse claim.[25]

---

[24] *Condra v. Grogan Mfg. Co.*, 149 Tex. 380, 233 S.W.2d 565, 568 (1950) (stating that once statute of limitations began to run against adverse claimant's cotenants, operation of statute was not affected by cotenants' subsequent conveyance to appellee); *Eastham v. Gibbs*, 58 Tex. Civ. App. 627, 125 S.W. 372, 374 (Fort Worth 1910, no writ) ("[O]nce the statute of limitation begins to run it is clear that it will not be interrupted in behalf of a subsequent purchaser objecting to its operation for want of notice.").

[25] *See Eastham*, 125 S.W. at 374; *see also Langehennig v. Hohmann*, 365 S.W.2d 203, 206 (Tex. Civ. App.—San Antonio 1963, writ ref'd n.r.e.) (applying statute of limitations in trespass to try title actions brought by heirs of original property owner); *Sciraffa v. Flores*, 274 S.W. 260, 261 (Tex. Civ. App.—San Antonio 1925, writ dism'd w.o.j.) (holding that adverse claimants' rights to property by virtue of adverse possession were not affected by appellant's obtaining title to the property under a favorable judgment in a trespass to try title action against another party); *but cf. Warnecke v. Broad*, 138 Tex. 631, 161 S.W.2d 453, 454–55 (1942) (noting that limitations period begins to run when cause of action accrues and holding that because deed of trust did not convey title or right of possession to mortgagee, and thus

15

Dolenz further argues that if the statute of limitations does apply, the doctrine of equitable tolling should also apply. That doctrine works to toll the applicable statute of limitations in situations "where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period or where the complainant has been induced or tricked by his adversary's misconduct" into allowing the filing deadline to run.[26]

Under the evidence produced in the trial court, neither situation applies in this case. Although Dolenz brought a bill of review in 2005, that action was to set aside the judgment against Topham. He did not bring a suit against Banda to recover the property until 2008, well outside the statutory period. And there was no evidence or suggestion that any party induced or tricked Dolenz into allowing the limitations period to run before filing suit. Dolenz asserts that the circumstances of this case "are truly exceptional."[27] But the

mortgagee could not sue to recover land from trespasser, statute of limitations did not begin to run against mortgagee's right to bring trespass action until mortgagee bought property at foreclosure sale).

[26] *Smith v. J-Hite, Inc.*, 127 S.W.3d 837, 843 (Tex. App.—Eastland 2003, no pet.); *see also Bailey v. Gardner*, 154 S.W.3d 917, 920 (Tex. App.—Dallas 2005, no pet.); *Czerwinski v. Univ. of Tex. Health Sci. Ctr. at Houston Sch. of Nursing*, 116 S.W.3d 119, 122–23 (Tex. App.—Houston [14th Dist.] 2002, pet. denied).

[27] *See Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814 (2005) (noting that "[g]enerally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights

evidence does not demonstrate any "extraordinary circumstance" precluding Dolenz (or his wife or son when they owned the property) from bringing suit to recover the property.[28] Thus, the trial court did not err by concluding that Dolenz's assertion of equitable tolling did not defeat Banda's right to summary judgment on his affirmative defense of title by limitations.

Although Dolenz asserts that "[t]here was obviously fraud committed by someone before Banda," this assertion does not help him establish an "extraordinary circumstance." In *Eckert v. Wendel*, the Supreme Court of Texas held that an adverse claimant could assert title by limitations under the five-year statute even though the deed under which the claimant held the property was, under the law at that time, void as in fraud of the grantor's creditors.[29] The court quoted *Davis* for the proposition that although a deed obtained through fraud "is without effect as a muniment of title," when it is valid on its face and duly recorded, it gives notice of an adverse claim, and, "there being no issue of fraud undiscovered or concealed," the five-year statute of limitations applies to a suit by the owner to recover the land.[30] Accordingly,

diligently, and (2) that some extraordinary circumstance stood in his way").

[28] *See id.*

[29] 120 Tex. 618, 40 S.W.2d 796, 801 (Tex. 1931).

[30] *Id.* (quoting *Davis*, 213 S.W. at 611).

17

in this case, even if "someone" committed fraud that resulted in the sheriff's sale, Dolenz and his predecessors had notice of the fraud, and thus section 16.025 was not tolled because of that fraud. We overrule Dolenz's fourth issue.

## Conclusion

Having overruled each of Dolenz's four issues, we affirm the trial court's judgment.

LEE ANN DAUPHINOT
JUSTICE

PANEL: CAYCE, C.J.; DAUPHINOT and MEIER, JJ.

DELIVERED: June 25, 2009